No. 44,438

JOSEFA BARAJAS GUERRERO, a/k/a JASEFA BARAJAS, *Appellee,* v. CAPITOL FEDERAL SAVINGS AND LOAN ASSOCIATION, a Corporation, Defendant, and FRANCISCA VASQUEZ DE BARAJAS, *Appellant,* and JAMES H. HOPE, Administrator of the Estate of Cresencio Barajas, Deceased, *Appellant,* and FULGENCIO G. MANZANARES, *Appellant.*

(415 P. 2d 257)

Opinion filed June 11, 1966.

*Robert B. Wareheim,* of Topeka, argued the cause for appellants Francisca Vasquez De Barajas, and James H. Hope. Administrator, and *George E. Mc-Cullough, W. L. Parker, Jr., Reginald LaBunker* and *James L. Rose,* of Topeka, were with him on the briefs.

*Myron L. Listrom,* of Topeka, argued the cause for appellant Fulgencio G. Manzanares and *Eldon Sloan* and *James W. Sloan,* of Topeka, were with him on the brief.

*Fulgencio G. Manzanares,* of Topeka, argued the cause for appellee Josefa Barajas Guerrero, a/k/a Jasefa Barajas, and *Myron L. Listrom, Eldon Sloan* and *James W. Sloan,* of Topeka, were with him on the brief.

*Robert L. Webb, Ralph W. Oman, Philip E. Buzick, William B. McElhenny, James D. Waugh, James L. Grimes, Jr., Donald J. Horttor, Terry L. Bullock, Stewart L. Entz* and *James E. Smith,* all of Topeka, were of counsel, on the brief of appellant Fulgencio G. Manzanares.

The opinion of the court was delivered by

FROMME, J.: These appeals arise out of a controversy over the ownership of an account in the Capitol Federal Savings and Loan

Association of Topeka. The account was held in the name of Cresencio Barajas or Mrs. Jasefa Barajas, "either or the survivor." The account totalled $28,404.20 and represented the life savings of Cresencio Barajas who died on the 24th day of February, 1964, at Topeka, Kansas. He left no surviving children. He married Francisca Vasquez de Barajas in Mexico and brought her to Topeka in 1920. They lived together until 1925 or 1926 when Francisca returned to Mexico. Cresencio continued to work as a track laborer for the railroad and as an employee of a meat packing company. He lived alone in Topeka until his death.

Cresencio's sister, Josefa Barajas Guerrero, also known as Jasefa Barajas, brought this action as the survivor to establish ownership of the account. The trial court heard the case and in a memorandum opinion found for the plaintiff, Josefa. The court held the evidence established the intention to create a joint tenancy in this account. The memorandum opinion of the court contained the following statement:

"Mr. Listrom should prepare a proper Journal Entry in accordance with the findings of this court."

Mr. Listrom is an attorney for the plaintiff in the action.

The memorandum opinion by the trial judge was dated May 4, 1965. Notice of appeal was filed June 4, 1965. Thereafter, a written journal entry was prepared, approved by the attorneys, and signed by the trial judge. It was filed on June 21, 1965. This journal entry decreed title to and ownership of the money in account S-1183 at the Capitol Federal Savings and Loan Association of Topeka, Kansas, to be in plaintiff. The journal entry recited that by agreement of the parties and their attorneys the costs of the action and the fees of the court reporters should be taxed against the prevailing party. The court approved said agreement and decreed that the costs be taxed against the plaintiff.

On June 14, 1965, an application for stay of proceedings was filed on behalf of Francisca and the administrator of the estate of Cresencio Barajas. On July 20 the trial court by memorandum opinion granted a stay and set the amount of a supersedeas bond. No time for filing same was specified. On July 28 the Capitol Federal Savings and Loan Association paid the $28,404.20 to the clerk of the district court. On August 2 F. G. Manzanares, an attorney for the plaintiff, Josefa, drew the entire $28,404.20. The costs of the action and court reporters' fees were not paid. A supersedeas bond was filed on September 3 pursuant to the stay order

of July 20. On September 7 the trial court, pursuant to application by the defendants, Francisca and the administrator, ordered Mr. Manzanares to return the funds to the clerk of the district court.

The appeal by plaintiff was docketed in this court on September 15, 1965. Mr. Manzanares thereafter filed a motion to vacate the order of the district court which required him to return the funds. This motion was denied. An accusation was then filed and citation issued against Mr. Manzanares. After a hearing the district court found him in contempt and ordered him confined in the county jail, until such time as he purged himself by paying the funds back into the district court. On his failure and refusal to do so he was lodged in the county jail.

After a few days Mr. Manzanares applied to this court for release. At the direction of this court the $28,404.20 was transferred by Mr. Manzanares to a joint control account held in the name of both the clerk of this court and F. G. Manzanares. Thereupon Mr. Manzanares was released from custody.

The defendants, Francisca and the administrator, have attempted to appeal to this court from the memorandum opinion of May 4, which determined ownership of said account to be in the plaintiff. F. G. Manzanares has also appealed from the order of the trial court entered October 14, 1965, wherein he was found in civil indirect contempt and sentenced to be confined in the county jail until he purged himself by returning the funds.

Before considering the merits of the appeal by plaintiff from the memorandum opinion of May 4, we must consider the merits of appellees' motion to dismiss the appeal because of appellant's alleged failure to comply with K. S. A. 60-2103 (a) and 60-258.

K. S. A. 60-2103 contains the provision of the 1963 code of civil procedure which relates to "when and how an appeal may be taken" to the supreme court. K. S. A. 60-258 relates to the question of what constitutes "entry of judgment."

It should be remembered that the trial judge in the memorandum opinion dated May 4 directed that one of the attorneys for the prevailing party prepare a journal entry. On June 4 a notice of appeal was filed. Thereafter, on June 21, the journal entry of judgment was signed and filed.

This court has held under recent decision that where the district court directs the form of the judgment be journalized, the judgment does not become effective until the journal entry is filed with the clerk; and, an appeal taken from the district court's memorandum opinion before judgment has been entered is premature and the

appeal will be dismissed. The statutes under the 1963 code with which we are here concerned and the authorities upon which the decisions are based are fully set forth in these opinions and need not be duplicated herein. See *Roe Village, Inc., v. Board of County Commissioners,* 195 Kan. 247, 403 P. 2d 970; *Corbin v. Moser,* 195 Kan. 252, 403 P. 2d 800.

The appellant in reply to appellees' motion to dismiss the appeal calls this court's attention to an entry made by the clerk of the district court in the appearance docket. The entry is taken from the notes in the judge's trial docket. It was voluntarily made by the clerk without any direction from the judge. This practice has been followed in all cases before this trial court as a matter of routine. The practice existed prior to the enactment of the 1963 code of civil procedure. This practice, if continued by the clerk, will be confusing to attorneys who are now governed by a code of civil procedure making the entry of judgment on the appearance docket a determining factor with regard to any appeal. The voluntary entry by the clerk of the judge's trial docket notes in the appearance docket is not "entry of judgment by direction of the judge" as contemplated by the statute.

K. S. A. 60-258 provides in part as follows:

"(*a*) *Entry of judgment.* Unless the judge otherwise directs and subject to the provisions of section 60-254 (*b*), judgment upon the verdict of a jury shall be entered forthwith. . . . When the judge directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him *of the direction;*

"(*b*) *What constitutes entry of judgment.* If judgment is to be entered on the verdict of a jury, *or* by direction of the judge forthwith, the clerk shall make a notation of the judgment on the appearance docket as provided by section 60-2601, and such notation shall constitute the entry of judgment. . . . *If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk.* Such filing shall constitute the entry of the judgment, and *it shall not be effective* before such filing. . . ." (Emphasis supplied.)

In *Corbin v. Moser,* supra, this court said:

"Under the provisions of K. S. A. 60-258 the clerk of the court does not enter judgments on the appearance docket unless directed by the judge except on jury verdicts, and a judgment is not effective until entered on the appearance docket or a journal entry is filed with the clerk at the direction of the judge." (Syl. 1.)

The judge did direct that the form of the judgment was to be settled by journal entry to be prepared by one of the attorneys in this case. The journal entry of judgment was not signed by the

judge until June 21, at which time he caused it to be filed. It thereupon became effective. The time for appeal began to run from that date. Consequently, since the appeal was filed prior to the entry of final judgment, there was no judgment from which to appeal when the notice of appeal was filed by appellant-defendants on June 4. The attempted appeal was premature, and is therefore dismissed.

A second appeal was filed in behalf of F. G. Manzanares from the order of the district court of October 14. This order held F. G. Manzanares in civil indirect contempt and sentenced him to be confined in the county jail until he purged himself therefrom. The accusation filed against him charged that he violated a previous order of the court directing him to return the $28,404.20 to the jurisdiction of the court. As previously stated herein Mr. Manzanares on application for release made to this court transferred the $28,404.20 into a joint control account presently held by the clerk of this court and F. G. Manzanares. He thereby purged himself of any possible contempt. There is nothing left upon which this court's judgment might act. This court in the case of *Carr v. Diamond,* 192 Kan. 377, 388 P. 2d 591, said,

"Appellate courts do not entertain appeals for such purpose. Reviewing courts do not decide questions which no longer exist merely to make a precedent." (p. 380.)

The question raised is therefore academic and this appeal is denied.