No. 46,255

OCIE CRIBBS, *Appellant,* v. PACIFIC INTERMOUNTAIN EXPRESS, *Appellee.*

(494 P. 2d 1142)

Opinion filed March 4, 1972.

*I. F. Bradley, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant.

*Robert D. Benham,* of McAnany, Van Cleave and Phillips, of Kansas City, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Plaintiff-appellant Ocie Cribbs appeals from an adverse ruling terminating his action for personal injuries because of insufficiency of his evidence offered in a jury trial.

At the outset defendant-appellee Pacific Intermountain Express challenges appellant's right to be heard here.

Appellee asserts several procedural deficiencies and irregularities on appellant's part in processing the appeal but we limit attention to those which must determine disposition of the case.

A stenographic transcript of the proceedings in the trial court

was necessary for appellate review of the order complained of. After filing his notice of appeal in the trial court appellant failed timely to serve upon appellee copy of a written request to the court reporter for such transcript and to make proof of such service as required by Rule 6 (*a*) of this court relating to appellate practice (205 Kan. xxviii). This delinquency triggered the filing by appellee of a motion to dismiss the appeal which the trial court heard and sustained. Thereafter appellant chose only to file in the trial court a motion to rehear appellee's motion to dismiss and then when that motion was denied to file a notice of appeal from the trial court's denial order.

Thereafter appellant continued to process his appeal in this court as though nothing untoward had occurred, filing successively a record on appeal, supplement to record (in the preparation of neither of which appellee participated), and a brief. Meanwhile appellee filed in this court its motion to dismiss the appeal, which was denied with leave to renew at the hearing of the appeal upon its merits. During oral argument appellee renewed that motion which upon its full presentation and consideration, we now sustain.

Implicit in the trial court's initial order dismissing the appeal was a finding that appellant had abandoned his appeal by reason of his failure timely to serve upon appellee copy of his written request to the court reporter for a transcript of the trial proceedings.

Rule 6 (*p*) (205 Kan. xxxi-xxxii) provides:

"*Effect of Delays—Extensions of Time.* Whenever an appellant fails to complete any step necessary to the docketing of an appeal within the time prescribed by this rule, he shall be deemed to have abandoned the appeal unless the time for such step shall be extended by the Judge of the court from which the appeal is taken for good cause and after reasonable notice to the other parties. Whenever an appellee fails to complete any step permitted to him within the time prescribed by this rule, he shall be deemed to have waived his right to such step unless the time for the same shall be extended by the Judge for good cause and after reasonable notice to the parties affected. No application for an extension of time in which to complete any step may be considered by the Judge of the court from which the appeal is taken unless such application is filed prior to the expiration of the period of time which is sought to be extended, except in those cases where the failure to file such application before the time has expired is the result of excusable neglect. The refusal of the Judge to extend the time for the completion of any such steps shall be final, unless the Supreme Court shall upon immediate application, filed in accordance with Rule No. 7, find such refusal to have been an abuse of discretion and shall grant such extension as justice may require. Any application filed pursuant to this rule shall be docketed in accordance with Rule No.

3, insofar as applicable, and comply with Rules No. 2 and No. 7. When an appeal has been abandoned in accordance with this subdivision, the Judge of the court from which the appeal has been taken, after reasonable notice to the parties affected, shall enter a finding of such abandonment; and thereupon the costs of the appeal shall be assessed against the appellant."

This rule mandates dismissal of an appeal for failure to complete any step necessary to its docketing within the period of time prescribed therein. Extension of time for the completion of any such step may be granted by the trial court upon application made before expiration of the prescribed period of time. Where timely application for extension is not made the trial court is vested with discretion to determine whether such failure was the result of excusable neglect and to grant further extension of time where appropriate under the particular circumstances.

Once an appeal has been declared abandoned and dismissed by the trial court it is incumbent upon the appellant to take the action further prescribed in Rule 6 (p) for the reinstatement of such appeal.

Appellant made no application to the trial court for an extension of time within which to comply with Rule 6 (a) and the trial court was never called upon to find that appellant's failure to file timely application was the result of excusable neglect. The record is barren of any facts which would constitute excusable neglect. Appellant thus deprived himself of the opportunity to have any refusal by the trial court to grant him an extension of time reviewed by this court *upon immediate application* to it whereby, if the circumstances revealed by the record warranted, such refusal might have been declared an abuse of discretion.

Appellant's purported appeal from the trial court's denial of his motion to rehear appellee's motion to dismiss has no sanction in our procedural code or rules and, in the interest of orderly procedure, cannot be used to circumvent the authority vested in the trial court under Rule 6 (p). The result is, the appeal has been finally dismissed under well-established rules for appellate practice and we have nothing before us for review.

The purported appeal is dismissed.

APPROVED BY THE COURT.