No. 46,877

Rozella M. Van Brunt, Executrix of the Estate of Vivian C. Glenn, *Appellant,* v. P. R. Jackson and Norman C. Hamilton, *Appellees,* and Ardis McCray, *Appellee.*

(512 P. 2d 517)

Opinion filed July 14, 1973.

*M. Moran Tomson,* of Johnson, argued the cause and was on the brief for the appellant.

*Stanley E. Antrim,* of Light, Yoxall, Antrim & Richardson, of Liberal, argued the cause and was on the brief for the appellees, P. R. Jackson and Norman C. Hamilton.

*Arthur B. McKinley,* of Sublette, argued the cause and was on the brief for the appellee, Ardis McCray.

The opinion of the court was delivered by

Owsley, J.: This is an action for breach of a written contract for sale of personal property. The trial court held the plaintiff failed to make a "prima facie" case and dismissed the action. Plaintiff appeals.

Plaintiff alleges she is the duly appointed, qualified and acting executrix of the estate of Vivian C. Glenn, deceased, and that Vivian C. Glenn on January 1, 1964, by written contract sold an undivided

two-thirds interest in certain personal property to defendants P. R. Jackson and Norman C. Hamilton. The contract provided for a cash payment of $31,500, and for $100,000 payable in ten equal annual installments with interest on the unpaid balance at the rate of six percent per annum. Plaintiff further alleges defendants failed to pay the annual installments due for the years 1966, 1967, 1968, 1969, and 1970, and prays judgment for past due installments, interest, and a declaratory judgment for future installments.

Defendants answer, alleging plaintiff failed to join Ardis McCray as an indispensable party and that decedent and defendants arrived at an accord and satisfaction of plaintiff's claim.

As third party plaintiffs, Jackson and Hamilton joined Ardis McCray, third party defendant, and alleged that on August 4, 1965, McCray purchased all the interests of Jackson and Hamilton in said personal property and assumed all their liabilities.

Third party defendant McCray answered plaintiff's and defendants' petitions by asserting that decedent Glenn, defendants Jackson and Hamilton, and McCray entered into a contract under date of August 4, 1965, substantially altering the contract of January 1, 1964, and no cause of action existed between any of the parties. McCray further alleged that he and decedent Glenn had an oral contract ratified by plaintiff which deferred obligations between them until time for final payment under the contract of August 4, 1965; that he was not in default on any obligation to plaintiff; and that said contract constituted an accord and satisfaction.

Jackson and Hamilton moved to amend their third party petition to seek reformation of the contract of August 4, 1965, but no ruling of the trial court on the motion is disclosed in the record. The contract is shown in the record, but it was never put in evidence and its presence is not explained.

At trial before the court plaintiff introduced two contracts dated January 1, 1964. They disclose the sale as pleaded and are identical as far as the issues on appeal are concerned. Hamilton and Jackson were called as witnesses and both testified they executed the January 1, 1964, agreements with Vivian C. Glenn whereby they purchased certain personal property for $131,500. They also testified they made a down payment of $31,500 in 1964 and paid an installment of $10,000, plus interest, in January of 1965. Both admitted they made no further payments after January, 1965.

The trial court sustained motions of defendants Jackson and Hamilton, and third party defendant McCray, to dismiss plaintiff's

action. The court made the following written findings of fact and conclusions of law:

"Plaintiff herein introduced as evidence, contracts designated plaintiff's exhibits no. 1 and no. 2 and rested. Plaintiff was granted permission to re-open its case and called defendants P. R. Jackson and Norman C. Hamilton who testified they were parties to the contracts set forth in plaintiffs exhibits no. 1 and no. 2, that they made the down payment of $31,500.00 as recited in said contracts; that they made the further payment of $10,000.00 on or about, January 1, 1965, and that they sold their interest in said contract some-time during August 1965. Plaintiff then rested. The court then sustained defendants motion to dismiss the action on the grounds that plaintiff failed in the burden of proof to show a breach of the obligations under the contract. No evidence was presented as to what was or was not ultimately paid on the contract, what performance had been made as to the equipment and farming operations anticipated under the contract, nor the relationship of the successor in interest, recited in plaintiffs evidence, to plaintiff or the decedent, nor the position of the corporation recited in the contract but not made a party to the litigation herein. This court cannot speculate on these matters which would be required to render any judgment herein. This action is therefore dis-missed with costs assessed to plaintiff."

The issue is whether plaintiff has made a prima facie case. "Prima facie" denotes evidence which, if unexplained or uncontradicted, is sufficient in a jury case to carry the case to the jury and to sustain a verdict in favor of the issue which it supports, but which may be contradicted by other evidence. (29 Am. Jur. 2d, Evidence, § 4, p. 38.) The same standard applies when the judge is the trier of fact.

In an action based on contract the burden of proof is on the plaintiff to show: (1) execution and existence of the contract alleged in the petition; (2) sufficient consideration to support the contract; (3) performance or willingness to perform in compliance with the contract alleged; and (4) the defendant's breach insofar as such matters are in issue. (*Commercial Credit Corporation v. Harris*, 212 Kan. 310, 510 P. 2d 1322.)

Examining the evidence here presented and applying the rule above set forth, we are satisfied the plaintiff sustained her burden of proof and the trial court erred in dismissing the action. The execution of the contract was admitted by defendants. Sale of the personal property for a stated sum supplied the consideration. Performance of the contract by plaintiff was inherent in the sale, and was supported by the admissions of defendants that they re-ceived the property purchased. Breach of the contract was supplied by the testimony of defendants that they had not made payments required by the contract after January 1, 1965.

The trial court should have overruled defendants' motions to dismiss and permitted them to introduce evidence in support of their respective defenses. Plaintiff had no duty to present evidence in opposition to defendants' affirmative defenses. As stated in *Wycoff v. Board of County Commissioners*, 191 Kan. 658, 383 P. 2d 520:

". . . It is well settled that the burden of proving a disputed fact or issue rests upon the party asserting it, or having the affirmative of the issue, and remains with him throughout the trial. . . ." (pp. 664, 665.)

Turning to the court's reasons for dismissing the action, we see no merit in its statement that "plaintiff failed in the burden of proof to show a breach of the obligations under the contract." The breach was clearly shown by the failure of defendants Jackson and Hamilton to make payments required by the agreement. Likewise, the court's statement that "no evidence was presented as to what was or was not ultimately paid on the contract" was clearly erroneous. Both defendants testified as to the amounts they paid. Other matters mentioned by the court as being speculative were not essential to make a prima facie case under the law of this state.

Defendants claim several procedural deficiencies bar appellate review of the merits of plaintiff's case. They assert plaintiff has not proved her capacity to bring this action as executrix. We find no merit in this contention. It was alleged for the first time in third party defendant's answer, but no factual basis for the contention was alleged. When the defendant raises this defense he is required to supply supporting facts, and failure to comply with provisions of K. S. A. 60-209 (a) must be regarded as a waiver of the defense. (*Marr v. Geiger Ready-Mix Co.*, 209 Kan. 40, 495 P. 2d 1399; *Augusta Oil Co., Inc. v. Watson*, 204 Kan. 495, 464 P. 2d 227.)

During oral argument before this court, defendants renewed their motion to dismiss this appeal previously denied by the trial court and this court. Defendants contend certain required procedural steps were not followed by plaintiff to perfect an appeal in this matter. This action was tried on November 9, 1971, and dismissed on that same date. The trial court filed its written findings of fact and conclusions of law on November 19, 1971, but also ordered counsel for the principal defendants to prepare a journal entry of judgment for approval of all parties and for signature of the court. The journal entry was accordingly prepared by counsel for defendants and approved by counsel for third party defendant. It was then sent by mail to counsel for plaintiff with instructions to ap-

prove it, get the court's approval thereto, and file. The record shows plaintiff's counsel did not do this until April 3, 1972. Plaintiff filed her notice of appeal within thirty days of filing that journal entry of judgment, but defendants assert the thirty-day time limit for appeal began November 19, 1971, the date the court's findings and conclusions were filed. We must reject this argument. K. S. A. 60-258 (b) reads in part:

". . . If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk. Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing. . . ."

The purpose of this section of the statute is to eliminate the question raised here by fixing the time and place judgment becomes certain and ripe for appeal. (*Guerrero v. Capitol Federal Savings & Loan Ass'n,* 197 Kan. 18, 415 P. 2d 257; *Corbin v. Moser,* 195 Kan. 252, 403 P. 2d 800.) Although a journal entry of judgment could have been dispensed with by the trial court under the provisions of K. S. A. 60-258 (a), whether there will be one is within the discretion of the court. We cannot approve the dilatory tactics of plaintiff's attorney, but defendants provide no evidence that their cause was prejudiced by plaintiff's delay in filing the journal entry. The statute clearly provides the date of judgment is the date the journal entry ordered by the trial court is filed; plaintiff appealed within thirty days of that date.

Defendants moved to dismiss plaintiff's appeal on the additional ground plaintiff-appellant did not request a transcript of trial from the court reporter within ten days of filing her notice of appeal. (Kansas Supreme Court Rule No. 6 [a], 209 Kan. xxii.) Rule No. 6 (p) (209 Kan. xxv, xxvi) provides for dismissal of an appeal for failure to complete any step necessary to its docketing within the period of time prescribed therein. Extension of time for completion of any step may be granted by the trial court upon application made before expiration of the prescribed period of time. The record does not show plaintiff made timely application for extension of the ten-day period for requesting transcript of the trial. Rule No. 6 (p) vests with the trial court discretion to determine whether such failure was the result of excusable neglect and lacking in prejudicial merit. We conclude an affirmative finding is inherent in the trial court's order overruling defendants' motion to dismiss the appeal. Absent a showing of abuse of this discretion, we will not disturb

the trial court's order. (*Cribbs v. Pacific Intermountain Express,* 208 Kan. 813, 494 P. 2d 1142.)

Consistent with the foregoing, we reverse the trial court's order sustaining defendants' motion to dismiss and remand this case for a new trial.