No. 46,804

Rosalie Ann Mentzer, *Appellee*, v. Glenn E. Mentzer, *Appellant*.

(512 P. 2d 320)

Opinion filed July 14, 1973.

*Stephen Jones,* of Lyndon, argued the cause, and *Harry T. Coffman* and *David Hederstedt,* also of Lyndon, were with him on the brief for the appellant.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney, Jr.,* also of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: This appeal comes as a sequel to the trial of the Mentzer divorce action held in the District Court of Shawnee County in the year 1969. A brief chronology will set the stage.

On June 14, 1968, the plaintiff, Rosalie Ann Mentzer, filed an action against her husband, Glenn E. Mentzer, the defendant, seeking a divorce and a division of the family property. On

January 28, 1969, the case came on for trial before the Honorable David Prager, who took the matter under advisement. Mr. Mentzer, who had employed counsel, did not attend the hearing. On June 30, 1969, Judge Prager made the following entry in his trial docket:

"June 30  Judgment entered granting plaintiff a divorce on the grounds of gross neglect of duty. Each of the parties is awarded an undivided one-half interest in all their real estate and each of the parties is awarded the personal property in the possession of each. Debts and obligations of the parties shall be paid in accordance with the agreed signed journal entry. Costs taxed to defendant."

The clerk of the district court entered an identical recital in the court's appearance docket.

Although it was recited in the minutes made by Judge Prager that the debts and obligations of the parties should be paid in accordance with the agreed signed journal entry, no journal entry is shown to have been prepared, signed or filed in the case, nor does it appear that Mr. and Mrs. Mentzer took any action with respect to the division of their debts.

Matters remained in limbo, so to speak, until Mrs. Mentzer, who we understand has since remarried, filed three motions with the court in late 1971 and early 1972, asking that her former spouse be required to furnish proof of the indebtedness existing as of June 30, 1969, and to account for the rents and profits received by him from the parties' real estate since the divorce. Attorney fees were also requested. The motions were consolidated for hearing and the same were heard before the Honorable E. Newton Vickers inasmuch as Judge Prager, in the meantime, had been appointed to the supreme court bench.

After a hearing, Judge Vickers found that on June 30, 1969, judgment was entered in the divorce action granting Mrs. Mentzer a divorce on grounds of gross neglect of duty, awarding each party an undivided one-half interest in the real estate owned by them, awarding to each of them the personal property in his and her possession and providing that debts were to be paid according to a signed agreed journal entry. Judge Vickers entered judgment in accordance with his findings and further ordered Mr. Mentzer to render a complete accounting of the rents and profits of the real estate from June 30, 1969, to February 28, 1972, and to supply proof of debts claimed as offsets as of June 30, 1969.

It has been the unvarying position of the defendant, both in the trial court and in this court on appeal, that judgment was

never entered in the divorce action. He contends that no divorce has been granted and that no division of the property has ever been decreed. In other words Mr. Mentzer maintains that the parties are still married and that their property rights remain undetermined. His stand in such regard is predicated on his interpretation of K. S. A. 60-258, a statute which has been the source of considerable litigation ever since the Code of Civil Procedure was adopted.

So far as material to this lawsuit, K. S. A. 60-258 provides as follows:

"(a) Unless the judge otherwise directs and subject to the provisions of section 60-254 (b), judgment upon the verdict of a jury shall be entered forthwith. . . . When the judge directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction; but when the court directs entry of judgment for other relief, the judge shall promptly settle or approve the form of the judgment and direct that it be entered by the clerk.

"(b) If judgment is to be entered on the verdict of a jury, or by direction of the judge forthwith, the clerk shall make a notation of the judgment on the appearance docket as provided by section 60-2601, and such notation shall constitute the entry of judgment, and no journal entry or other document shall be required to render the judgment effective. If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk. Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing. . . ."

The specific point made by the defendant may be simply put: the record fails to disclose any direction to the clerk to make the notation appearing on the appearance docket; that in the absence of a direction by the court the entry was made by the clerk as a volunteer; and that a voluntary entry of judgment by the clerk does not constitute the entry of judgment intended by the statute.

It is true this court has said that a voluntary entry of judgment by the clerk does not satisfy the requirements of the statute and is not equivalent to entry of judgment within the contemplation of K. S. A. 60-258. Statements to this general effect are to be found in *Guerrero v. Capitol Federal Savings & Loan Ass'n*, 197 Kan. 18, 415 P. 2d 257; *Corbin v. Moser*, 195 Kan. 252, 403 P. 2d 800; *Roe Village, Inc. v. Board of County Commissioners*, 195 Kan. 247, 403 P. 2d 970; *Urban Renewal Agency v. Reed*, 211 Kan. 705, 508 P. 2d 1227, but the backgrounds against which the statements were

made in those cases were quite different from the background of this case.

In *Guerrero*, the trial court issued a memorandum opinion containing certain findings and directing one of the attorneys for the prevailing party to prepare a proper journal entry in accordance with the findings. The clerk of the court, without any direction, prepared an abbreviated statement of what the memo determined and noted the same on the appearance docket. A journal entry was prepared and filed at a later date and the question then arose as to when the judgment had been entered for appellate purposes. This court held that since the trial court had not directed the clerk to enter judgment but had directed that a journal entry be prepared, the clerk's action in making the notation at the time the memorandum was filed was simply a voluntary act on his part and was not an entry of judgment within the meaning of the statute.

In the case of *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.*, 203 Kan. 591, 455 P. 2d 555, the clerk undertook to enter upon the appearance docket the substance of a stipulation for settlement which the parties had made and filed. Later on, a journal entry was prepared, was signed by the court and was filed. There was no direction by the court concerning the stipulation and we held that judgment was entered when the journal entry was filed, not when the clerk voluntarily entered the substance of the stipulation.

We shall not burden this opinion with analyses of the other opinions heretofore mentioned. The situation presented in each of those cases is clearly distinguishable from the circumstances of this case.

In our view the entry made by Judge Prager in his trial docket on June 30, 1969, was sufficient in and of itself to constitute a direction that judgment be entered on the appearance docket in conformance therewith. There can be no doubt, from the specific language used and from the forcefulness of the court's expression, that a divorce was being granted and an equal division of the real property was being awarded as of the date on which the entry was inscribed in the court's trial docket. No pre-judgment memorandum had been filed and no journal entry was directed to be prepared except with respect to the parties' debts and obligations. As we read the statute, there is no requirement that separate written directions be given the clerk, although such might be the better prac-

tice. In form and content, the minutes of the court were tantamount to a direction that judgment be entered forthwith.

Mr. Mentzer also argues that K. S. A. 60-258 requires that judgment be entered in a divorce action by means of a journal entry. We do not understand the statute as making this requirement.

The defendant provides us with two citations in support of his contention that a judgment in divorce proceedings must be entered by journal entry. The first is taken from an article by Professor Dan Hopson, Jr., in 12 Kansas Law Review 27, where the author says:

". . . Under new 60-258 (*b*) a judgment, at least in a divorce case, will not be entered until the attorney files the journal entry with the clerk. . . ." (p. 45.)

In note 104, appearing on the same page, the professor makes the following observation:

"The extra legal device that some attorneys now use of telling their client that they will not file the journal entry until they are paid their fee and that the divorce is not 'final' until the filing is now apparently sanctioned by the new code."

The second citation comes from Gard, Kansas Code of Civil Procedure where Judge Gard states:

". . . The process of rendering judgment and directing the clerk involves the settlement of the form of the journal entry where the relief granted is other than for money, or costs, or for a denial of relief. . . . (§ 60-258[*a*], p. 266.)

. . . . . . . . . . . .

"A common practice which has prevailed in the past among Kansas trial judges becomes more important under this rule. That is that where the judge is ready to render his decision he will make the nature of his decision and his findings known in advance, by a memorandum decision or announcement from the bench, or perhaps in chambers with counsel on both sides present, and fix a time when the journal entry is to be presented for signature and filing so as to make the judgment effective. In any event the journal entry now takes on a significance which it never has had before, except in the case of judgments which are entered on the appearance docket by the clerk as a matter of course. (§ 60-258[*b*], p. 267.)

"It should be pointed out that the entry of the decree does not ordinarily occur until a journal entry is filed. It is possible for the court to direct the entry of the decree at the time he makes the findings, but this is not good practice, especially if there are matters involved other than the mere granting of a divorce." (Cumulative Supplement, pp. 166, 167.)

We are not inclined to disagree with the philosophy that it is advisable, when entering a judgment of divorce, that it be done by means of filing a journal entry. However, we do not understand

that a journal entry is required to be filed before an effective judgment for divorce may be entered, since K. S. A. 60-258 provides alternative methods by which judgments may be entered.

The fact that the trial court reserved decision as to indebtedness until it should be settled by journal entry does not tend to destroy the efficacy of the judgment as it awarded the divorce and divided the property. It is not an uncommon practice for a trial court to enter judgment on one phase of a case and to reserve judgment on another or separate feature. *Morton v. Morton,* 149 Kan. 77, 86 P. 2d 486; *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.,* supra.)

In our opinion Judge Vickers correctly ruled that judgment was entered on June 30, 1969, granting Mrs. Mentzer a divorce, awarding each of the parties an undivided half interest in their real property, and awarding to each party the personal property in his or her possession.

No provision has yet been made with respect to the debts and the obligations of the parties as they existed on June 30, 1969. This is a matter to which the trial court must now address itself, as well as to an accounting for the rents and profits accruing from the real estate since June 30, 1969. In our judgment the trial court did not err in directing Mr. Mentzer to supply his former spouse with a complete accounting of the rents and profits received by him from the parties' real estate, together with proof of their debts and obligations.

The judgment of the trial court is affirmed.

PRAGER, J., not participating.