No. 47,687

MARTHA A. BROWN, *Appellant*, v. RONALD B. BROWN, *Appellee*.

(542 P. 2d 332)

Opinion filed November 8, 1975.

*Edward J. Chapman, Jr.*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Louis A. Silks, Jr.*, of Shawnee Mission, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal by plaintiff-appellant, Martha A. Brown, from the judgment of the trial court granting her petition for divorce from defendant-appellee, Ronald B. Brown, on the ground of incompatibility. Plaintiff contends the trial court erred in its decision as to the division of property and as to the award of alimony.

Prior to reaching the merits of this controversy, we are faced with defendant's argument, both oral and written, that this appeal should be dismissed for failure of plaintiff to file a notice of appeal within thirty days of the entry of judgment. Plaintiff did not file a reply brief to meet defendant's contention, although she orally

argued the case should be heard on its merits. In order to dispose of this issue we will attempt to reconstruct the procedural history of the action.

On July 7, 1972, Martha A. Brown filed a petition for divorce from her husband, Ronald B. Brown, in the district court of Leavenworth County, Kansas. The case was heard on May 18, 1973, and after receiving the evidence the trial court granted plaintiff a divorce and awarded her custody of the three minor children. At that time the trial judge made the following entry in his docket:

"Parties appear in person and by attorneys; trial, parties' evidence; Decree of Divorce to plaintiff on ground of incompatibility, not to take effect as regards the rights of remarriage until sixty days from this date; plaintiff awarded care, custody and control of minor children of parties, namely Ronda L., born 7-28-60, Gerald A., born 2-21-62, and Steven R., born 2-19-65; defendant temporarily to continue to pay support for said children at the rate of $150.00 per month; father to have reasonable and seasonable rights of visitation at the home of children and the children to visit him; balance of the issues involved taken under consideration until 2:00 p. m. May 25, 1973."

Immediately thereafter, the clerk of the district court entered the identical recital in the court's appearance docket. The remaining issues for disposition were taken under advisement by the trial court until May 25, 1973, at which time the trial judge issued the following order in his docket, setting forth the awards for alimony and child support and for division of property:

"Parties appear in person and by attorneys for decision on division of property and alimony and child support; defendant ordered to pay as support for said children the sum of $15.00 per child per week through the Clerk of the Court; plaintiff awarded as her separate property the household goods and furnishings of the parties and 1969 Oldsmobile 88; defendant awarded as his separate property 1968 Ford pickup and farm machinery and equipment; IRS refund check in the amount of $1360.00 and three A. T. & T. dividend checks in the amount of $71.40 each in the possession of the parties to be divided equally between the parties; defendant awarded as his separate property A. T. & T stock of 102 shares, the farm described as the east half of the northeast quarter 20-11-22, Leavenworth County, Kansas, and 19 U. S. Series E savings bonds in the denomination of $25.00 each; plaintiff awarded as alimony the sum of $11,000.00 to be a charge on the above real estate, payable at the rate of $25.00 per week through the Clerk of the Court so long as the plaintiff survives and is unmarried; defendant ordered to provide health insurance coverage at place of employment on children of parties; defendant to pay the debts of the parties existing at the time of trial; defendant to pay costs; parties to pay respective attorneys fees."

The clerk of the district court once again entered verbatim on her appearance docket the order of the trial court as issued. At

this hearing defendant's counsel offered to prepare the journal entry and was directed by the trial judge to do so.

On August 31, 1973, a rehearing was held to reconsider evidence as to the value of the parties' real property. On that same date the trial judge directed the clerk to enter an order on the appearance docket directing that the original order of May 25, 1973, be adhered to and that the money withdrawn by plaintiff from defendant's bank account be replaced. The appearance docket shows the following entry for that date:

"Ordered that the original order will be adhered to, and the sum of money plff. withdrew from the bank account will be replaced by her forthwith."

In a letter dated September 5, 1973, the trial court sent its memorandum decision to both attorneys, reciting its order as entered on the clerk's appearance docket on August 31, 1973. On October 10, 1973, prior to the filing of the journal entry, appellant filed a notice of appeal with the clerk of the district court. Due to a disagreement of counsel as to the wording of the proposed journal entry, the final draft of the journal entry was not completed until January 17, 1974, and it was entered by the trial court on January 25, 1974.

K. S. A. 60-2103 (a) mandates that an appeal to this court be taken within thirty days from the entry of judgment by filing a notice of appeal with the clerk of the district court. K. S. A. 60-258 (b) provides:

"(b) *What constitutes entry of judgment.* If judgment is to be entered on the verdict of a jury, or by direction of the judge forthwith, the clerk shall make a notation of the judgment on the appearance docket as provided by section 60-2601, and such notation shall constitute the entry of judgment, and no journal entry or other document shall be required to render the judgment effective. If the judge directs that the form of the judgment is to be settled by a journal entry or other document, it shall be prepared in accordance with the directions of the judge who shall then sign the same and cause it to be filed with the clerk. Such filing shall constitute the entry of the judgment, and it shall not be effective before such filing. The clerk shall forthwith note the filing of the journal entry on the appearance docket together with a brief abstract of the nature of the judgment."

It is plaintiff's contention that the trial court directed defendant to prepare a journal entry, thereby delaying the effective date of the "entry of judgment" until the journal entry was filed on January 25, 1974. Defendant argues the entries by the clerk of the district court on May 18, May 25, and August 31, 1973, were pursuant to the specific directions of the trial court, and thus became final judgments on those dates. Defendant claims he merely volunteered to

prepare a journal entry and it did not operate to extend the date of entry of judgment.

The problem of determining at what point an entry of judgment is made for purposes of perfecting an appeal to this court has created considerable confusion in the appellate process. K. S. A. 60-258 (*b*) provides that the entry on the appearance docket shall constitute the entry of judgment if the judge so directs; however, if the judge directs that the judgment is to be settled by a journal entry, then the filing of the journal entry with the clerk shall constitute the entry of judgment. The problem arises when, as here, the record is not clear as to whether the trial judge directed that the judgment be settled by a journal entry so as to postpone the effective date of the entry of judgment. We have noted in prior cases that 60-258 does not require a separate written direction by the trial judge to the clerk to enter judgment on the appearance docket, even though such might be the preferred practice. (*In re Estate of Penn*, 216 Kan. 153, 531 P. 2d 133.) Although an entry made by the clerk without direction cannot constitute the entry of judgment, the entry in the trial docket by the judge is sufficient to constitute a direction that the judgment be entered on the appearance docket. (*In re Estate of Penn*, supra; *Mentzer v. Mentzer*, 212 Kan. 539, 512 P. 2d 320.) We quote the rule stated in *Penn*:

"The entry in his trial docket by a trial judge of minutes reflecting in the present tense a judgment of divorce rendered in open court is tantamount to a direction to the clerk that such judgment be entered forthwith." (Syl. ¶ 4.)

In the instant case the notice of appeal was not filed within thirty days of the dates on which the clerk entered the three trial court judgments. Plaintiff must maintain the judgments were not entered until the filing of the journal entry on January 25, 1974, in order to claim a timely appeal. This, it would appear, poses some difficulty since plaintiff has not filed a notice of appeal from the judgments entered by journal entry. In view of what was said in *Penn* and *Mentzer*, we conclude judgments were entered in this case on May 18, May 25, and August 31, 1973. The notice of appeal filed on October 10, 1973, was not within thirty days of the dates of any of these judgments. The action of the trial court regarding preparation of a journal entry is not construed as a direction "that the form of the judgment is to be settled by the journal entry." The mere fact the court directs or consents to the preparation of a journal entry is not an order that its judgment is not effective until the journal entry is prepared and filed. If the effective date of a judg-

ment is to be delayed until the filing of a journal entry, the trial court must clearly and specifically make an order to that effect.

This court has only such appellate jurisdiction as is conferred by statute, pursuant to Article 3, Section 3, of the Kansas Constitution, and in the absence of compliance with the statutory rules this court has the duty to dismiss the appeal. (*St. Francis Mercantile Equity Exchange, Inc. v. Walter*, 211 Kan. 76, 505 P. 2d 775.)

Defendant also complains of irregularities in plaintiff's notice of appeal and in the filing date of the record on appeal. Our disposition of the previous issue renders unnecessary any further consideration of the procedural complaints and prohibits us from reaching the merits of the appeal.

The appeal is dismissed.

MILLER, J., not participating.