No. 49,149

Kansas Bankers Surety Company, *Appellant,* v. Elouise Scott, *Appellee.*

(589 P.2d 575)

Opinion filed January 20, 1979.

*Ronald R. Hein,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause, and *Myron L. Listrom* and *Thomas L. Theis,* of the same firm, were on the brief for the appellant.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

McFarland, J.: This was a suit seeking declaration of a constructive trust on a 1971 Lincoln Continental automobile. Judgment in the alternative was entered in favor of plaintiff, Kansas Bankers Surety Company. That is, defendant Elouise Scott was required to give plaintiff possession of the automobile or pay $2,865.00. No appeal was taken from this judgment. Several months later a dispute arose as to the manner of the delivery of the vehicle and, on motion of the defendant, the court ordered that the plaintiff take possession in Florida within thirty days or else the court would declare the judgment satisfied. From this order, Kansas Bankers Surety Company appeals.

To understand the issues before us the complex factual situation must be set forth in considerable detail. On June 17, 1974, a man representing himself to be Edwin P. Carpenter, a Topeka attorney, opened a checking account at the Fairlawn Plaza State Bank. On June 29, 1974, this same individual secured a loan of $3,365.00 from the same bank and the proceeds were deposited in the checking account. A check for $3,365.55 was drawn on the account in favor of Laird Noller Lincoln Mercury for the purchase of a 1971 Lincoln Continental automobile. Title to the vehicle was in the name of the defendant, Mrs. Scott, who was an

acquaintance of the individual who fraudulently secured the vehicle. In November of 1974, the Fairlawn Plaza State Bank discovered that the individual securing the loan was not Edwin P. Carpenter. Kansas Bankers Surety Company was the insurer of the bank, paid off on its policy, became the real party in interest, and commenced this action on January 17, 1975. A temporary restraining order was entered on the day the action was filed, restraining Mrs. Scott from disposing of the vehicle. Mrs. Scott was, at the time of service of the petition and restraining order, a resident of Shawnee County and the vehicle was located in Shawnee County. On January 5, 1976, an order was entered, on motion of Mrs. Scott, to require a surety bond if the restraining order were to be continued. The restraining order terminated for failure to file a surety bond. Trial to the court was had on January 23, 1976. At trial plaintiff testified she had moved to Florida, had taken the vehicle with her, and had disposed of the vehicle by trading it in on a new automobile. There was no contention that Mrs. Scott was a party to the fraud. She testified she took the car in settlement of an antecedent debt. In its memorandum opinion of March 26, 1976, the trial court concluded:

"Therefore, judgment should be awarded in favor of the plaintiff against the defendant for possession of said 1971 Lincoln Continental automobile; and if possession cannot be surrendered the plaintiff is awarded judgment for $2,865.00 and the costs herein."

The journal entry was filed April 30, 1976. No appeal was taken from the judgment.

Throughout the summer contacts between counsel were made as to how and where the vehicle was to be delivered to Kansas Bankers. Mrs. Scott apparently had reacquired possession of the vehicle and was ready to turn it over to Kansas Bankers in Florida. Kansas Bankers took the position that the vehicle should be turned over to it in Kansas. On September 20, 1976, Mrs. Scott filed a motion to resolve the impasse on delivery. Mrs. Scott contends that title had vested by virtue of the judgment in Kansas Bankers and she could not license the vehicle. She maintained that delivery of possession should properly be accomplished by delivery to a Kansas Bankers correspondent in Florida. Kansas Bankers maintained delivery could only be accomplished in Kansas and, absent this, then the alternate money judgment should become effective. After hearing the motion, on November 1, 1976, the court held:

"The Court heretofore awarded possession and ownership of the above described automobile to the Plaintiff and from that point thereafter the automobile no longer belonged to the Defendant and she cannot transport the same, license the same or have any other legal interest therein and the Plaintiff has the duty to take possession of the same.

"The Plaintiff shall take possession of the automobile within thirty (30) days of the receipt of this decision and if they have not done so at the end of thirty (30) days, the Court will declare said judgment satisfied."

From this order, Kansas Bankers appeals.

Before proceeding to the points of error claimed by appellant, we shall consider the claims of appellee that the appeal should be dismissed. The original brief filed by appellant is violative of Kansas Supreme Court Rule No. 8(b)(2) (214 Kan. xxvi), in effect at the time, which provided:

"The body of the brief shall contain:

. . . .

"2. A concise statement of the facts pertinent to the points relied upon with page references to the record."

The reply brief filed by appellant included the previously omitted page references to the record. Our court has never favored denying an appeal on technical procedural grounds. *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437, 581 P.2d 372 (1978). While not condoning failure to comply with the rule, in the interests of justice the appeal will not be dismissed.

The appellee next seeks dismissal of the appeal for failure to comply with Kansas Supreme Court Rule No. 6(a) (214 Kan. xxii), in effect at the time, which provided in pertinent part:

"If a stenographic transcript is required, the appellant, within ten (10) days after filing his notice of appeal, shall submit a request for the same in writing together with payment or tender of the court reporter's fees therefor, which request shall be served on the official court reporter and copies served on all adverse parties pursuant to the provisions of K.S.A. 60-205, and proof of service thereof shall be filed with the Court. . . ."

The journal entry was filed November 1, 1976. The notice of appeal was filed November 24, 1976. Appellant filed its request for transcript on December 6, 1976. It is admitted that no copy of the transcript request was served on the appellee and no proof of service was filed, although the request for transcript itself was timely filed. On December 30, 1976, and on January 5, 1977, motions by appellant were filed and duly granted for extension of

time for the filing of statements of points on appeal and the designation of the contents of the record. On the latter motion the time was extended to February 1, 1977. The time was subsequently extended several times. In January, 1977, the appellee filed her motion to declare the appeal abandoned and the same was heard on January 21, 1977. This motion was predicated solely on the request for transcript question. The rules of appellate practice substantially changed on January 10, 1977; however, the ten-day provision for requesting transcripts and notice thereof to all parties remained in essentially the same form.

On January 31, 1977, the trial court denied the motion with the following letter to counsel:

"Please be advised that the Court has carefully considered the arguments had before it on January 21, 1977, with regard to defendant's motion herein, as well as the fine letters of memorandum submitted by both sides.

"After careful study of the same, the Court is of the opinion that the motion of the defendant to determine the appeal abandoned should be overruled. Mr. Listrom should prepare a journal entry and submit it to the Court."

Appellee contends that the failure of the court to find excusable neglect on the part of appellant made its denial of the motion an abuse of discretion. She relies on Kansas Supreme Court Rule No. 6(*p*) (214 Kan. xxv-xxvi):

"Whenever an appellant fails to complete any step necessary to the docketing of an appeal within the time prescribed by this rule, he shall be deemed to have abandoned the appeal unless the time for such step shall be extended by the Judge of the court from which the appeal is taken for good cause and after reasonable notice to the other parties. Whenever an appellee fails to complete any step permitted to him within the time prescribed by this rule, he shall be deemed to have waived his right to such step unless the time for the same shall be extended by the Judge for good cause and after reasonable notice to the parties affected. No application for an extension of time in which to complete any step may be considered by the Judge of the. court from which the appeal is taken unless such application is filed prior to the expiration of the period of time which is sought to be extended, except in those cases where the failure to file such application before the time has expired is the result of excusable neglect."

In further support of her position, appellee relies heavily on *Cribbs v. Pacific Intermountain Express*, 208 Kan. 813, 494 P.2d 1142 (1972). In *Cribbs* the appellant committed the same procedural error as did appellant herein. That is, he failed to serve a copy of the request for transcript on the opposing party and to file proof of service. On motion of the appellee the court declared the appeal abandoned and the court's order was sustained on appeal.

Herein lies the distinction. In our case the court denied the motion. Inherent in the denial was a finding of excusable neglect. *Kleibrink v. Missouri-Kansas-Texas Railroad Co.*, 224 Kan. 437; *Van Brunt, Executrix v. Jackson*, 212 Kan. 621, 512 P.2d 517 (1973). No abuse of discretion is shown.

We turn now to the points of error claimed by the appellant. Appellant contends the trial court erred in ordering the judgment satisfied unless the appellant took possession of the automobile in Florida. Although this is not a replevin action, the situation is somewhat analogous to that type of action. 66 Am. Jur. 2d, Replevin § 109, p. 901, states:

"The losing party in a replevin action must seek out and tender to the party found to be entitled to its possession any property that is readily capable of a manual delivery. If, however, this is impossible or unreasonable because of the bulky character of the property, an offer to redeliver is all that the law requires. And where the property is capable of manual delivery and the successful party fails to designate a place, the losing party may select the place, with a reasonable regard for the convenience of the successful party, and there deliver the goods." Under certain circumstances, a delivery to the sheriff or other officer is sufficient."

There is a difference between the constructive trust herein and a replevin action in that the cause of action arose between two innocent parties. Normally, in such circumstances a strong argument could be made for not requiring the losing party to bear the additional expense of delivery of the property to the prevailing party in a distant state. However, in the case before us the appellee removed the vehicle from the jurisdiction of the trial court subsequent to the time the action was commenced and service was obtained on her. At the time she removed the vehicle she knew this action for possession was pending. We have no hesitancy in concluding that she did so at her own peril and must bear the consequences thereof. Under these circumstances, the tender in Florida was legally insufficient. The trial court erred in ordering that the appellant take possession of the property in Florida or face the satisfaction of its judgment. In view of this result the other points raised by the appellant need not be considered.

The order appealed from is reversed and appellant is granted judgment against the appellee in the amount of $2,865.00 and costs.