No. 46,637

The Urban Renewal Agency of Colby, Kansas, *Appellee*, v. (The Church of Christ, *et al.*), Jack Reed, Jr., *Appellant.*

(508 P. 2d 1227)

Opinion filed April 7, 1973.

*Robert J. Lewis, Jr.,* of Lewis, Lewis and Beims, of Atwood, argued the cause, and *H. Scott Beims,* of the same firm, was with him on the brief for the appellant.

*Leon E. Roulier,* of Colby, was on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This is an appeal from an order dismissing a landowner's appeal from the appraisers' award in a condemnation proceeding. The ultimate issue is whether appellant's notice of appeal from the appraisers' award was timely filed; to determine

this we must first decide when an appraiser's report is "filed" under our eminent domain statutes so as to start a landowner's appeal time running. Subsidiary issues involve when a judgment is "entered" for purposes of the doctrine of *res judicata*, and whether an erroneous admission by a landowner's attorney that his notice of appeal was out of time is binding on his client in subsequent proceedings.

In 1970 the appellant, Jack Reed, Jr., was the owner of two tracts of land coveted by the appellee, the Urban Renewal Agency of Colby, Kansas (the "Agency"). The Agency's advances were regularly repulsed, and in September the Agency instituted condemnation proceedings. After hearings at which appellant participated the district judge made the requisite findings of power and necessity under K. S. A. 26-504 and appointed appraisers. They were required by the order appointing them to file their report "on November 24, 1970."

Notice of the public hearing on their appraisal was given by publication and by mailing as required by K. S. A. 26-506 (*a*). The notice was substantially in the statutory form, as prescribed by K. S. A. 26-506 (*b*), and included the following information:

"Such hearing will commence at 10:00 o'clock a. m. on the 19th day of November, 1970, at the Court Room in Colby, Kansas, without further notice. Any party may present either oral or written testimony at such hearing.

"You are further notified that the Court has set the 24th day of November, 1970, for the filing of the awards of these appraisers with the Clerk of the District Court, and any party dissatisfied with the award may appeal therefrom as by law permitted within thirty (30) days from the date of filing."

The appraisers met on November 19, as the notice said they would, and agreed upon their award for appellant's land. However, they lodged their report to that effect with the clerk of the court the same day, instead of waiting until November 24, the date fixed by the judge and recited as the filing date in the notice of hearing.

Appellant, who had been fighting the condemnation all the way, now sought counsel from the law firm of Zuspann, Soward and Whalen, of Goodland. That firm prepared and, on December 23, filed on appellant's behalf a notice of appeal from the appraisers' award.

Under K. S. A. (now 1972 Supp.) 26-508 any party dissatisfied with the award of the appraisers may secure review by filing a notice of appeal "within thirty (30) days after the filing of the

appraisers' report." As may readily be seen, if the "filing" of the appraisers' report took place on November 19, the date it was delivered to the clerk, appellant's time to file his notice of appeal expired December 19, and he was out of time. If, on the other hand, the "filing" is deemed to have taken place on November 24, the date fixed by the judge for that purpose in the order appointing the appraisers and in the notice of hearing officially published and mailed to appellant, then his last day to file was December 24, and his notice of December 23 was timely.

We have not had occasion to consider this question since our present "eminent domain procedure act" was enacted in 1963 (Laws 1963, ch. 234, § 1-16.). Under former G. S. 1949, 26-102 as amended, and its predecessors, it was clear that the landowner's appeal time ran from "the date the appraisement is filed with the clerk of the district court." *(State Highway Commission v. Griffin*, 132 Kan. 153, 294 Pac. 872 Syl. ¶ 1.) Other condemnation statutes prescribed other appeal-time-starting events, such as the filing of the commissioners' report with the city clerk under former G. S. 1949, 26-202 and 26-205.

Those sections, now repealed, were recognized in 1934 as having been "enacted to supersede and unify a number of miscellaneous statutes dealing with this subject." *(Miltimore v. City of Augusta*, 140 Kan. 520, 522, 38 P. 2d 675.) At the same time it was even then recognized "That there is yet much to be done to clarify and codify the law of eminent domain. . . ." *(Ibid.)* The 1963 act was an effort to do just that. "By this Act the Legislature intended to replace a dozen or more different procedures used in Kansas with one uniform procedure." (Beatty, *The Eminent Domain Procedure Act*, 32 J. B. A. K. 125 [1963]. See also, Spring, *Comments on Practice and Procedure in Eminent Domain*, 35 J. K. B. A. 7, 8 [1966].) The sixteen new sections now constituting the procedure act itself were followed by eighty-six amendments to existing statutes, all designed to conform the eminent domain power of almost all public and private entities with the new procedure.

As part of this massive effort toward clarity, simplicity and uniformity we find for the first time a statutory requirement that affected landowners be notified not only of the meeting of the appraisers but of the date fixed by the judge for the filing of the appraisers' report. Landowners must also be advised of their right to appeal, and how and when they may exercise that right.

These notice requirements were not merely set forth in the statute but incorporated in a statutorily prescribed form. We take this as indicating their importance in the statutory scheme.

K. S. A. 26-504 states that the order appointing appraisers "shall also fix the time for the filing of the appraisers' report. . . ." It does not say the order shall fix the time "within which" the report is to be filed, nor "the last day" for such filing. Accordingly, the order here said the report should be filed "on" November 24, not "on or before" November 24. The same observations apply to the statutory form of notice and the notice actually employed. Both fix a date certain for filing, rather than a final deadline for filing.

What would the average landowner glean from reading the notice given appellant here? He would find that the appraisers would meet and determine his award on November 19, that they were required by the court to file their report on November 24, and that he had thirty days after that filing to take his appeal. He would, we think, inevitably conclude that his last day to appeal was December 24.

That would be the natural reading of the notice; the same construction might even, as here, suggest itself to experienced counsel. We think further that such must have been the legislative intent, for otherwise the required order of the court fixing the filing date and the statutory notice incorporating it would both be meaningless. The effect of both could be nullified at the whim of the appraisers, by their simply "filing" the report whenever it suited them. We cannot believe the legislature intended to entrust them with any such power to affect the substantial rights of the parties.

We therefore hold that for the purpose of computing the parties' appeal time the filing of the appraisers' report under K. S. A. 1972 Supp. 26-505 is effective on the date fixed by the judge for such filing and set forth in the notice of hearing required by K. S. A. 26-506, regardless of the date such report is actually delivered to the clerk of the court.

The situation is muddied somewhat by a 1968 amendment to 26-505. That enactment (Laws 1968, ch. 138, § 1.) added a requirement that upon filing their report the appraisers shall notify the condemner, which shall in turn mail notice to the affected landowners. It may be that this provision was intended to remedy a conceived deficiency in the statutory scheme—if early filing could in fact cut short a landowner's appeal time, lack of notice of

such filing would raise obvious due process questions. Cf. *Walker v. Hutchinson City,* 352 U. S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200. If such was the legislative motivation, however, the act would seem superfluous in view of what we see as a perfectly harmonious scheme of "court order and notice thereof" in the statutes as they read before the 1968 amendment, and which was unaltered by the amendment. It seems unlikely that an alteration of a statutorily and judicially established timetable in mid-proceedings was intended.

In this case concedely no post-filing notice was given appellant, as required by the 1968 act. Had he received one he would have been faced with two conflicting notices, one saying the court had fixed November 24 as the filing date and the other apparently saying the report had been "filed" on November 19. Cautious counsel having both notices before him would doubtless have resolved the conflict by filing his notice of appeal early; a layman would be in an undeserved and unnecessary quandary. We doubt the existence of a legislative intent to create such a situation. We therefore see the 26-505 post-filing notice as primarily serving to inform the landowner of the amount of the award, rather than the date from which his appeal time runs.

In this case the appeal from the appraisers' award was dismissed by the district court on the ground that it was out of time. Appellee insists we cannot review that order because of the way it came about.

As previously stated, the firm of Zuspann, Soward and Whalen filed the notice of appeal on December 23, 1970. On January 4, 1971, that firm moved to withdraw as appellant's counsel of record. It is apparent that the November 19 date on the appraisers' report had come to counsel's attention in the meantime, because on January 6, 1971, Selby Soward of that firm appeared before the trial court with Leon Roulier, counsel for the Agency, and the following colloquy occurred:

"MR. SOWARD: We have a case with Leon as to an appeal from a condemnation award that I would just as soon get settled this morning and let the statute start running if there is a malpractice suit against me in Case No. 4986. Your Honor, in what is originally the Urban Renewal Agency vs. The Church of Christ and Jack Reed, Jr.

"THE COURT: I have my docket sheet right here, In the Matter of Condemnation of Land for Urban Renewal Purposes vs. The Church of Christ, and others. What do we have in it today?

"MR. ROULIER: As you notice, the appraisers' report was filed on the 19th

of November by the appraisers. K. S. A. 1970 Supplement, 26-508, as it pertains to appeals from an award, states as follows: 'If the plaintiff, or any defendant, is dissatisfied with the award of the appraisers, he may within thirty (30) days after the filing of the appraisers' report, appeal from the award by written notice of appeal with the Clerk of the District Court.' Mr. Soward's firm filed the appeal on the 24th (sic) day of December, which would clearly leave it outside the statutory appeal time.

"MR. SOWARD: That isn't a quite accurate statement, Judge. We didn't have anything but notification that the appraisers were to return their award by the 24th of November. We relied upon that. We didn't have the information it was filed on the 19th, so we could decide employment, and we followed up our filing of an appeal with a motion to withdraw, which is now moot. I think it is fair to state we acknowledge that the thirty day period after filing of an award is jurisdictional, and that the appeal is out of time. Mr. Reed made the statement that the Court has told him to get a lawyer to represent him.

"THE COURT: I told him what he needed to do was go hire a lawyer, but I didn't know I ever convinced him.

"MR. SOWARD: He never hired us. We did agree to file an appeal. I suppose we will get sued.

"THE COURT: The appeal is dismissed."

On February 4, 1971, appellant's present counsel entered the case and asked the court to reconsider its ruling of January 6. On March 15, 1971, a schedule for the submission of briefs was fixed, and on April 8, 1971, additional arguments on the timeliness of the notice were heard. Finally, on May, 24, 1971, counsel for the Agency advised the court that he elected not to file any brief, and the matter stood submitted.

On August 30, 1971, the trial court filed its memorandum opinion reaffirming its dismissal of the appeal, from which the appeal to this court was taken. After reciting the history of the proceeding the opinion goes on to say:

"The appellant argues that the appeal filed on December 23, 1970, was within the 30 days. He bases his argument, first on the grounds that the 30 days could only start on the last day fixed by the Court; and second on the reason by failure of appraisers or condemnor to give notice. The first argument is untenable in that the statute is specific in providing 30 days. Time is frequently of importance, and as appellant points out in his brief, this is a statutory procedure the Court must follow. The second argument wholly fails because under no possible imaginative circumstances could the appellant [have] had more notice. He participated at all times. As a participant in the actions of the appraisers his knowledge of the 'filing' could not have been greater. The Court finds that at all steps Mr. Reed was fully and completely informed, and that the appeal time expired on December 19, 1970.

"The condemnor filed a Motion to Dismiss the Appeal for the reason it was filed too late. The matter was presented to the Court. Appellant agreed

in open Court. The Court approved that agreement. In the interest of orderly justice litigants cannot and must not be permitted to entrap a Court nor embarrass a Court in an attempt to lull his opponent or the Court into the making of an order and then return to refute the agreement. The order dismissing the appeal, as heretofore set out, was correct, and even if not, it has now become res judicata and not subject to further review."

Taking up these conclusions one by one, we first find that the court erred in concluding that the appeal time expired on November 19, for the reasons hereinbefore set forth. As to the failure to give post-filing notice, we would note that the court's finding that appellant had actual notice of the date of the appraisers' report can only be based on some undisclosed personal knowledge. The record is barren of evidence to that effect, and at the February 4 hearing the court and counsel all agreed that this was a disputed issue of fact. In any event, under our interpretation of the statutes, whether or not appellant had actual notice is immaterial.

As to the conclusion that the order of January 6 was *res judicata*, the record reflects nothing more than the oral statement of the trial court that "the appeal is dismissed," recorded only in the reporter's notes. We find no journal entry of the order, nor any entry in the appearance docket made at the direction of the court. There being no jury, under K. S. A. 60-258 (*b*), one or the other was required to constitute the entry of judgment. *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.*, 203 Kan. 591, 455 P. 2d 555; *Corbin v. Moser*, 195 Kan. 252, 403 P. 2d 800. In the latter case we said (p. 255):

"It will be noted that the only instance in which the clerk enters judgment without the direction of the trial judge is on a jury verdict. Otherwise, the judge is to direct the clerk as to the judgment to be entered. The judgment cannot be entered until the judge directs, and the judgment is not effective until entered on the appearance docket."

We are forced to conclude that, whatever the trial court's intention, there was no judgment entered until its memorandum was filed on August 30, 1971. Hence the order of January 6 could not operate as *res judicata*.

Finally, we note the trial court's quite justifiable irritation at having been, as it felt, entrapped into its previous ruling by the concession of appellant's then counsel. We think, however, that the concession could not bind the appellant and that when asked by new counsel within thirty days to reconsider, the court was not only free but bound to do so. The factual matters, *i. e.*, the dates, were not in dispute, and the question before the court was

limited to the legal effect of the admitted facts. The text writers say of this situation:

"It has frequently been stated as a general rule that the decision of questions of law must rest upon the court, uninfluenced by stipulations of the parties, and it is generally held, accordingly, that stipulations as to what the law is are invalid and ineffective. Thus, it has been held that it is not competent for the parties or their attorneys to determine by stipulation questions as to the . . . proper construction or application of a law; . . . [or] as to the legal conclusions from admitted facts. . . ." (50 Am. Jur., *Stipulations*, § 5.)

"Only statements or admissions of fact are within the authority of an attorney, and neither his client nor the court are bound by his statements or admissions as to matters of law or legal conclusions." (7 C. J. S., *Attorney and Client*, § 100 [*b*].)

Our cases take the same view:

"The court is not bound by an erroneous admission of law made by one of the parties in an action where no one is deceived and no prejudice results." (*Beams v. Werth*, 200 Kan. 532, 438 P. 2d 957, Syl. ¶ 10.)

"As a general rule questions of law must be determined by the court, unlimited by agreement of the litigants, and their stipulations as to what the law is are ineffective to bind the court." (*In re Estate of Maguire*, 204 Kan. 686, 466 P. 2d 358, Syl. ¶ 5.)

Thus the timeliness of the notice in question was at all times an issue of law for determination by the court alone, without regard to the concessions of counsel.

We have concluded that the trial court erred in finding that the appeal was not timely. The judgment is therefore reversed and the case remanded with directions to reinstate the appeal from the appraisers' award.

APPROVED BY THE COURT.