No. 47,746

NATALIE FROST, *Appellant*, v. CREIGHTON A. HARDIN, M. D., *Appellee*.

(543 P. 2d 941)

Opinion filed December 13, 1975.

*George Lafferty,* of Kansas City, Missouri, argued the cause, and *George W. Thomas,* of Kansas City, was with him on the brief for the appellant.

*Stephen M. Blackwell,* of Kansas City, Missouri, argued the cause, and *John J. Bukaty,* of Kansas City, and *Larry L. McMullen,* of Kansas City, Missouri, were with him on the brief for appellee. Williamson, Cubbison, Hardy &

Hunter, of Kansas City, and Blackwell, Sanders, Matheny, Weary & Lombardi, of Kansas City, Missouri, were shown of counsel.

The opinion of the court was delivered by

FROMME, J.: The appellant, Natalie Frost, appeals from an order of the district court refusing to reinstate her cause of action filed against Creighton A. Hardin, M. D., appellee herein.

The malpractice action was filed September 7, 1971. Appellee filed answer on October 5, 1971. Nothing further was done by appellant for over a year. On October 20, 1972, the district court on its own motion directed the clerk to notify counsel of record that an order of dismissal for lack of prosecution would be entered on November 13, 1972, unless cause was shown. The case was included in a list, along with approximately 300 other cases appearing on the docket in which no action had been taken by the parties for over one year. These cases were listed and identified by the case number, the name of the case and the names of the attorneys who represented both the plaintiffs and the defendants. A deputy clerk in the office of the clerk of the district court complied with the order. She prepared, executed and filed an affidavit of mailing of the notice which stated:

". . . [T]hat on October 20, 1972, I mailed a copy of the attached notice and list of cases, addressed to each attorney named on said list at his office address, and that * none of said notices were subsequently returned by the post office."

The asterisk (*) appearing in the affidavit referred to a note appearing at the end of the affidavit which listed the names and addresses of four attorneys whose notices were returned to the clerk's office and not delivered. The attorney George Thomas was not included in this list of four attorneys whose notices were not delivered.

On November 13, 1972, the district court entered an order of dismissal as follows:

"Now on this 13th day of November, 1972, the attached docket of cases was duly called by the Court and all cases were removed from the dismissal list by striking a line through the case and making it as 'Removed' where requested by counsel for any of the parties either in person at the call of the docket or by letter to the Court prior thereto.

"There being no requests to remove the other cases shown on said list,

"IT IS THEREFORE BY THE COURT ORDERED, that all cases not removed from the dismissal list as stated above be and the same are hereby dismissed without prejudice for want of prosecution as of this date subject to Rule 17 of this Court. In the event the case is on appeal, the appeal is dismissed and not

the case. Costs are assessed against the plaintiffs unless a journal entry providing otherwise has been filed."

We note that the present case was one of those included in the order of dismissal. It had not been removed from the dismissal list by striking a line through the case. Rule 17, mentioned in the order, relates to conditions to be met for reinstatement.

We further note that Attorney Thomas represented another plaintiff in an unrelated case, No. 38830B entitled Moore v. Concrete Materials, which was listed for dismissal on November 13, unless one of the "parties appeared at the call of the docket or by letter to the Court prior thereto." The Moore case was removed from that list by striking a line through the case. It remained on the docket subject to later court action. If counsel for appellant was not notified of the intended dismissal no adequate explanation was given on oral argument and none appears in the record why this case remained on the docket and the present case was dismissed.

Some twenty months after the order of dismissal was entered (June 5, 1974) appellant filed a motion to reinstate, which motion alleged that her counsel had not been notified of the proposed dismissal for lack of prosecution. In support of the motion George W. Thomas as local counsel for appellant filed an affidavit stating that he ". . . has no knowledge of ever having received such Order of Dismissal and at no time had any actual knowledge that the case had been dismissed under any orders of the District Court." A further affidavit was filed by Attorney H. George Lafferty, Jr., out-of-state counsel for appellant, which contained the identical language appearing in the Thomas affidavit.

Local Rule 17 of the District Court of Wyandotte County provides in pertinent part:

"No order of dismissal shall be vacated and set aside excepting (1) by an agreed Journal Entry, or (2) on motion filed within six (6) months from the date of the dismissal order, notice of the hearing thereof served upon the adverse counsel if there is one of record, otherwise the adverse party personally, and sustained by the Court upon hearing."

On July 24, 1974, the district court denied appellant's motion for reinstatement and after summarizing the history of the case concluded:

"I have considered the arguments of counsel and the briefs submitted. The case is now almost five years old, and under all the circumstances I do not feel that the case should be reinstated. The plaintiff's motion is therefore denied."

This brings us to the questions raised in this appeal.

K. S. A. 1974 Supp. 60-241 (*a*) (2) provides for notice of intended dismissal of actions for lack of prosecution as follows:

". . . The judge may on his own motion cause a case to be dismissed without prejudice for lack of prosecution, but only after directing the clerk to notify counsel of record not less than ten (10) days in advance of such intended dismissal, that an order of dismissal will be entered unless cause be shown for not doing so."

Prior to the effective date of the above statute the cases of *Reddington v. Rank*, 176 Kan. 484, 271 P. 2d 807, *Carter v. State Department of Social Welfare*, 186 Kan. 187, 348 P. 2d 609, and cases of similar import were decided by this court. These cases hold that the power of the courts to dismiss a case for failure to prosecute with diligence is inherent and exists without specific statutory authority.

Orders of dismissal for want of prosecution rest in the judicial discretion of the district courts in order that they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business, subject, however, to statutory notice requirements. Such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion.

Under K. S. A. 1974 Supp. 60-241 (*a*) (2) such judicial discretion of the district courts must be exercised within the notice requirements set forth in the statute. The court has a duty to direct the clerk of the district court to notify counsel of record ten (10) days in advance of such intended dismissal. This was done in the present case.

Appellant argues that proof of mailing notice to counsel ten days in advance of dismissal is not sufficient and that proof of actual receipt of the clerk's notice should be required. We do not agree.

In *Board of Sup'rs v. Knickerbocker Ice Co.*, 80 F. 2d 248 (2nd Cir. 1935) it was observed that where a case is dismissed on the court's motion under a court rule for lack of prosecution and where under the rule it is the clerk's duty to notify the attorneys of the dismissal, the knowledge of the attorneys is not the same as mailing notice to the attorneys.

The rationale of *Knickerbocker* is applicable to our present case. The mailing of the notice followed by the filing of an affidavit of mailing fulfills the requirement of our statute.

Although we find no statutory requirement of notice of dismissal for lack of prosecution in federal procedure, a multitude of federal

cases announce the rule that dismissal for want of prosecution rests in the discretion of the federal courts as an inherent power. Such action by a federal court will be reversed only for abuse of discretion. (See 9 Wright and Miller, Federal Practice and Procedure: Civil, § 2370.) The United States Supreme Court in *Link v. Wabash Railroad Co.,* 370 U. S. 626, 632, 8 L. Ed. 2d 734, 82 S. Ct. 1386, reh. den. 371 U. S. 873, 9 L. Ed. 2d 112, 83 S. Ct. 115, has rejected the argument that failure to give notice of a pending dismissal for want of prosecution renders the dismissal void.

When the record on appeal discloses that the district judge directed the clerk to notify appellant's attorney of the intended dismissal of a case and the notice was mailed in accordance with K. S. A. 1974 Supp. 60-241 (*a*) (2), the failure to receive the notice does not render the dismissal void. Such failure to receive the notice bears only on the question of subsequent reinstatement and should be left to the judicial discretion of the district court. In the present case local rule 17 adopted by the District Court of Wyandotte County under authority of K. S. A. 60-267 provided that an order of dismissal shall be vacated and set aside only on motion filed within six (6) months from the date of the dismissal order. Here the motion to reinstate was not filed until some twenty (20) months later. We believe the six months rule sets forth a reasonable requirement properly adopted in an effort to control the court's docket, eliminate procrastination and delay and expedite the orderly flow of the district court's business. (See *Logan v. McPhail,* 208 Kan. 770, 494 P. 2d 1191.) The district court did not abuse its discretion in refusing to reinstate this five year old case.

The appellant next argues that mailing notice to local counsel was not sufficient and that notice of pending dismissal must be mailed to out-of-state counsel. It is pointed out that the petition filed in the case was first signed by George Lafferty of Lafferty & Horowitz, 700 Commerce Tower, Kansas City, Missouri, 64105, and then signed by local counsel, George W. Thomas, of 747 Ann Avenue, Kansas City, Kansas, 66101. The clerk's affidavit of mailing did not include a mailing to out-of-state counsel.

K. S. A. 7-104, relating to attorneys from other states who have business in the courts of this state, requires that such an attorney have ". . . associated and personally appearing with him in the action . . . an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state,

upon whom service may be had in all matters connected with said action . . . with the same effect as if personally made on such foreign attorney, within this state, and such foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state: . . ." Supreme Court Rule 109 (211 Kan. xl) is of similar import.

This statutory requirement withstood constitutional challenge in *Martin v. Davis,* 187 Kan. 473, 357 P. 2d 782, appeal dismissed 368 U. S. 25, 7 L. Ed. 2d 5, 82 S. Ct. 1.

When an attorney from a foreign state accepts the benefits of K. S. A. 7-104 and initiates a court action in this state he accepts the conditions of the statute. The statute provides that local counsel chosen by him may receive service in all matters connected with the action with the same effect as if the service was personally made upon such foreign attorney within the state. The order directing the clerk to mail notice of the intended dismissal of the case for want of prosecution and the mailing which followed was sufficient when addressed and mailed to local counsel.

The judgment is affirmed.