No. 47,959

UNIFIED SCHOOL DISTRICT No. 500, WYANDOTTE COUNTY, STATE OF KANSAS, *Appellant,* v. RUDOLPH and MILLIE TURK, et al., *Appellees.*

(549 P. 2d 882)

Opinion filed May 8, 1976.

*Robert H. Foerschler,* of the firm of McAnany, Van Cleave & Phillips, of Kansas City, argued the cause and was on the brief for appellant.

*Joseph H. McDowell,* of the firm of McDowell, Rice, Baska & Smith, of Kansas City, was on the brief for appellees.

The opinion of the court was delivered by

FATZER, C. J.: This appeal arises out of an eminent domain proceeding in Wyandotte County.

The facts are not in dispute. On June 18, 1974, Unified School District No. 500, deeming it necessary for its purposes to acquire property as part of a site for a new elementary school, commenced the eminent domain proceedings in question. The proceeding bore case No. 55408-B. Part of the land to be acquired, and involved here, consisted of 3⅔ 25-foot lots in the middle of the south side of the 1100 block on Ohio Street, in Kansas City, with substantial improvements including two dwelling houses, a parcel of seven contiguous 25-foot vacant lots to the east separated from the 3⅔

lots by three lots of different ownership, and a parcel of 13 contiguous vacant 25-foot lots across Ohio on the north side of the 1100 block, all owned by the defendants Rudolph Turk and Millie Turk, his wife, free and clear except for current taxes and a small personal property tax lien.

Copies of the notice of hearing were mailed to both Mr. and Mrs. Turk at their 1127 Ohio address, but they did not appear at the hearing. On July 8, 1974, the district judge appointed appraisers and set Monday, July 29, 1974, for the filing of their report.

The appraisers set their hearing for July 25, 1974, published the statutory notice on July 12, 1974, and mailed a copy of the notice to Mr. Turk and also to Mrs. Turk, at 1127 Ohio "at least ten days prior to the date of the hearing." The appraisers met on July 25, 1974 and appraised the property and filed their report on July 29, 1974. The report indicated the appraisers had viewed the tracts but due to the refusal of the owners to permit them access, had not viewed the interior of the houses.

On July 30, 1974, the school district's attorney mailed a notice of the filing of the award, with an excerpt of the report showing the tracts, the owners and the amount of the awards, to each of the defendants, including both Mr. and Mrs. Turk. On August 8, 1974, the school district paid $50,000, the total amount of the awards for the Turk properties and the costs, including appraisers' fees, to the clerk of the court.

No appeal was perfected within thirty days from July 29, 1974, and the school district acquired possession of the property from Mr. and Mrs. Turk and arranged to clear the improvements.

Later, and on February 3, 1975, Millie Turk filed a motion claiming various defects in the proceedings, including her lack of receipt of notices, her inability to read English, that she was nearly blind, failure of the appraisers to view the interior of her home, claiming ignorance of the proceedings, and that the property was worth substantially more than the award.

The motion sought reconsideration of the appraisers' report, extension of time to report and reexamination and resubmission of the report by the appraisers, and such other relief as the court deemed just. An affidavit by one of the appraisers was offered to the effect that although they had agreed on the award, he thought if the inside of the house was as good as the outside, the award would have been more.

On February 5, 1975, after hearing arguments of counsel, and no

further evidence being presented by the movant, the district court found that the eminent domain proceedings had been regular in all respects, the school district had done everything required of it and was then the owner of the premises; further, that possibly the appraisers would have made a greater allowance to Mr. and Mrs. Turk if they had inspected the interior of the home, even though their failure to do so was due to the prevention of one or both of the Turks. Since the house had been torn down the previous day, the appraisers were ordered to meet with Mr. and Mrs. Turk and their attorney and consider whatever evidence was presented bearing on the value of their property, and file a supplemental report on February 18, 1975. The order also granted Mr. and Mrs. Turk thirty days after February 18, 1975, to appeal to the district court from the supplemental report of appraisers.

The appraisers met with Mr. and Mrs. Turk, as ordered, and on the appointed day made their report reaffirming their original award of $50,000. After being notified by the school district that the amount of the award was unchanged, Mr. and Mrs. Turk filed their appeal from the supplemental award on February 24, 1975. On March 7, 1975, the school district perfected its appeal to this court from the order reconvening the appraisers and extending the defendants' right of appeal from the award. (K. S. A. 26-504.)

In the meantime, the appeal by Mr. and Mrs. Turk was docketed in the district court as appeal No. 58376-B. (K. S. A. 26-508.) On May 6, 1975, the school district moved to dismiss appeal No. 58376-B for lack of jurisdiction of the subject matter and of the defendant school district in this matter. The motion was submitted without argument on memoranda filed by both parties. On June 9, 1975, after taking judicial notice of the prior eminent domain proceedings, and while the record in the appeal to this court was being prepared, the district court sustained the school district's motion to dismiss the Turks' appeal, finding that since the award on the subsequent examination was the same as the original one, equity was not required to permit an appeal. Thereafter, Mr. and Mrs. Turk promptly perfected an appeal to this court. Consolidation of the two appeals to this court was made by the district court as provided by Rule 13 (a). (K. S. A. 1975 Supp. 60-2701.)

We first turn to the appeal of the school district. If its contention is correct, there was no valid order or report from which Mr. and Mrs. Turk could appeal to the district court on February 24, 1975. Reference is hereafter made to the school district as the

appellant and to Mr. and Mrs. Turk as the appellees. It should also be noted that although the names of both Rudolph and Millie Turk appear on the notice of appeal to this court, only Mrs. Turk moved the district court for the reappraisement.

The appellant first contends that under the attending circumstances, the district court did not have legal authority to reopen the eminent domain proceedings on February 5, 1975, and reconvene the appraisers after the time for the Turks to appeal from the original award of $50,000 had expired.

We agree with the appellant's contention, absent any failure to comply with the statutory requirements which would render the proceedings void. This court so held in *Kansas Homes Development Co. v. Kansas Turnpike Authority*, 181 Kan. 925, 317 P. 2d 794. The second paragraph of the syllabus states the rule:

"When commissioners [appraisers] in condemnation file their report of appraisement fixing the value of the land taken and the amount of damages to the land remaining, the judge of the inquest court lacks power to correct, modify or amend the appraisement and award of the commissioners, as more fully set forth in the opinion, following an appeal to the district court by the petitioner, owner, lien holders or other interested parties, or any one of them, or *following the expiration of the time any one of such parties might have appealed."* (Emphasis added.)

The appellees suggest that the proviso of K. S. A. 26-504, "[f]or good cause shown, the court may extend the time for filing by a subsequent order" confers jurisdiction upon the district court to reconvene the appraisers after their report was filed. We observed that our former statute (G. S. 1949, Sec. 26-101) did not specify a time within which all parties could expect the appraisers to report, while our present statute (K. S. A. 26-504) gives them 20 days after the initial hearing. The proviso should be applied only to relieve the appraisers of this deadline if they cannot complete their work in the time originally fixed by the court, if they have too many parcels, or too complicated an appraisal to make. The filed report acts as the conveyance of the property (*Spears v. Kansas City Power & Light Co.*, 203 Kan. 520, 455 P. 2d 496), and the transaction, like a sale, is executed by payment of the award by petitioner. (K. S. A. 26-507.) When this is done, and no appeal is filed, or the time any one of the parties might have appealed has expired, the matter is and should be complete and irreversible. See *Urban Renewal Agency v. Reed*, 211 Kan. 705, 706, 709, 508 P. 2d 1227.

The appellees argue that "Millie Turk's lack of notice of the

proceeding raises constitutional due process issues with respect to the validity of the award." The argument is based on the suggestion that Millie Turk could not read and understand the English language and that her eyesight was so poor she could not see to read in any language. In their brief they state:

"The appellees are not asking this court to hold that actual knowledge be required in all eminent domain proceedings. In the vast majority of cases, the statutory requirement is sufficient to give actual notice.

"Clearly, in this case, mere mailing was insufficient to apprise Millie Turk of the action. . . ."

The appellees do not contend the statutory notice was not given —publication in a newspaper of general circulation in the county and mailing to each interested party. (K. S. A. 26-503, 26-505, 26-506.) They simply contend that because of Mrs. Turk's sight difficulties and her lack of education in reading English, a different form of notice should apply.

Our statutes do not classify individuals in determining the manner of giving notice. There can be but one form of service applicable to all. Any other rule would leave every action requiring notice subject to the factual question of whether the party understood what was happening from the notice given. The legislature has the right in exercising its police power to make reasonable regulations as to legal notice and provide that when the statutory requirements are met, valid notice is effected.

It has been generally held that by force of statute, service may be effective when the notice is properly mailed, regardless of its receipt by the addressee. In such cases, the risk of miscarriage or failure to deliver is on the addressee. (66 C. J. S. Notice, p. 644.) The rule is stated in 58 Am. Jur. 2d, Notice, § 7, p. 490, as follows:

"Where there is a statutory provision for constructive notice, it has the same effect as actual notice, and binds equally, regardless of whether actual information thereof came to the party to be charged. . . ."

See, also, *Id.* § 8, p. 491.

No Kansas cases on the question have been cited; however, we believe the case of *Frost v. Hardin,* 218 Kan. 260, 543 P. 2d 941, is in point. In that case, this court in reviewing a dismissal for lack of prosecution stated at page 263 of the opinion:

"Appellant argued that proof of mailing notice to counsel ten days in advance of dismissal is not sufficient and that proof of actual receipt of the clerk's notice should be required. We do not agree.

"In *Board of Sup'rs v. Knickerbocker Ice Co.,* 80 F. 2d 248 (2nd Cir.

1935) it was observed that where a case is dismissed on the court's motion under a court rule for lack of prosecution and where under the rule it is the clerk's duty to notify the attorneys of the dismissal, the knowledge of the attorneys is not the same as mailing notice to the attorneys.

"The rationale of *Knickerbocker* is applicable to our present case. The mailing of the notice followed by the filing of an affidavit of mailing fulfills the requirement of our statute."

We conclude the statutory provisions for notice having been complied with, the condemnees were bound by the statutory notice. (K. S. A. 26-503.)

What has been said renders unnecessary discussion of other issues raised by the parties.

The order of the district court of February 5, 1975, reopening the eminent domain proceedings is reversed. The judgment of the district court dismissing the Turks' appeal in the reopened proceedings is affirmed.

It is so ordered.

SCHROEDER, J., concurs in the result.