NOT DESIGNATED FOR PUBLICATION

Nos. 115,891
115,892

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NEMESIS PARTNERS, INC., *et al*.,
*Appellants*,

v.

CHRIS MARTIN DBA MARTIN OIL PROPERTIES,
and
TAILWATER, INC.,
*Appellees*.
_____

GLENN BRUCK, *et al*.,
*Appellants*,

v.

CHRIS MARTIN DBA MARTIN OIL PROPERTIES,
and
TAILWATER, INC.,
*Appellees.*

MEMORANDUM OPINION

Appeal from Anderson District Court; JOHN E. SANDERS, judge. Opinion filed February 17, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Robert R. Eisenhauer*, of Johnston, Eisenhauer, Eisenhauer & Lynch, LLC, of Pratt, for appellants.

*John C. Chappell*, of Lawrence, and *Greer S. Lang*, of Lathrop & Gage LLP, of Kansas City, Missouri, for appellees.

1

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*:  This is a consolidated appeal from the dismissal of the claims asserted by some—but not all—of the plaintiffs in two related cases for failure to comply with the district court's discovery orders. On appeal, the issue is whether the district court abused its discretion by imposing the extreme sanction of dismissal pursuant to K.S.A. 2015 Supp. 60-237(b)(2). For the reasons set forth in this opinion, we affirm the imposition of sanctions against those plaintiffs who failed to comply with discovery orders rendered by the district court. However, because we cannot determine whether the district court analyzed the factors set forth in *Canaan v. Bartee*, 272 Kan. 720, 35 P.3d 841 (2001), we vacate the orders of dismissal and remand these cases to the district court for further proceedings.

FACTS

These consolidated cases stem from oil lease transactions occurring in Anderson County, Kansas. The appellants are various individuals and business entities who own working interests in oil and gas in Anderson County. The appellees, Chris Martin d/b/a Martin Oil Properties and Tailwater, Inc., sold the appellants various working interests in different oil and gas leases within the county. In this opinion, we will refer to the plaintiffs in the underlying litigation as the appellants and we will refer to the defendants in the underlying litigation as the appellees.

On August 15, 2011, the appellants filed two separate suits against Martin and Tailwater, seeking an accounting from the appellees, requesting the appointment of a receiver, and seeking an order to repay any amounts found to have been converted. In response, the appellees filed a counterclaim against the appellants seeking operating expenses related to the oil wells in question. On October 14, 2011, the appellees issued "Defendant's First Request to Plaintiff for Production" and "Defendant's First

2

Interrogatories" to the appellants. The parties subsequently agreed to several extensions of the deadline for the filing of discovery responses.

At a scheduling hearing held on June 11, 2012, the appellants represented to the district court that they had responded to the appellees' request for production of documents and would soon be responding to the appellees' interrogatories. Although the appellees indicated that they believe the responses received to date were unacceptable, the district court ordered that "[n]o additional written discovery shall be issued by either party and no depositions other than those specifically permitted . . . shall be taken by either party." In addition, the district court set a pretrial conference for September 10, 2012, and set a 2-day bench trial to commence on November 1, 2012.

It appears the district court held a Pretrial Conference on October 24, 2012. Although we cannot locate a pretrial order or transcript of the proceedings in the record, it appears that the appellants received leave to amend their petition to add a claim of conversion. We do note that the appellants filed an Amended Petition 2 days later. In response, the appellees filed an answer and motion to strike on October 31, 2012.

The bench trial began—as scheduled—on November 1, 2012. At the beginning of the trial, the district court denied the appellees' motion to strike the conversion claim. Thereafter, the appellees presented the testimony of several witnesses. On the second day of trial, however, the district court decided that additional time was required to complete the case. As such, the trial was recessed until January 28, 2013. Although the reason is unclear from the record, the bench trial did not recommence in January. Instead, the district court rescheduled it to start again on September 4, 2013.

On May 17, 2013, the appellants filed a motion requesting that the district court require the appellees to produce additional documents. The appellees filed a response on May 28, 2013, asking that the district court deny the request for additional documents.

3

On the same date, the appellees filed a motion for mistrial. Specifically, the appellees alleged that the district court should declare a mistrial and order a new trial because Judge Eric W. Godderz had allegedly abused his discretion in ruling on one or more matters during the initial portion of the trial.

On June 5, 2013, Judge Godderz held a hearing to consider the pending motions. At the hearing, counsel for the appellees, John Chappell, argued that the district court had interfered with his trial strategy by requiring his clients to produce additional documents. Inconsistent with the position subsequently taken by the appellees relating to the appellees' responses to their interrogatories, he argued that the district court had previously "determined that discovery was complete and we were proceeding with the trial." He further argued, "when the trial begins it's presumed discovery is complete and parties have prepared their trial strategies . . . based on that assumption."

Unfortunately, Judge Godderz did not rule on the pending motions. Instead, he recused due to "a disagreement with [Mr. Chappell] over what actually transpired during [an off-the-record] bench conference" during the initial portion of the trial. As such, the cases were referred to Chief Judge Phillip M. Fromme for reassignment. For a short period, Chief Judge Fromme reassigned the cases to himself. On July 15, 2013, however, Chief Justice Lawton R. Nuss designated Senior Judge John E. Sanders to hear these cases. Unfortunately, Senior Judge Sanders inherited a procedural nightmare that was only to get worse.

In a noble attempt to get control over these cases, Senior Judge Sanders held a case management conference on September 16, 2013. At the conference, he set a date to hear the appellants' motion for additional discovery, set another pretrial conference, and scheduled the cases for trial to commence on February 18, 2014. It appears that the district court in fact held a second pretrial conference on November 15, 2013, but we can find no pretrial order or transcript in the record on appeal. Evidently, the district court

4

rescheduled several hearings at the pretrial conference and continued the commencement of trial until May 19, 2014.

Subsequently, Greer S. Lang filed an entry of appearance to serve as co-counsel with Mr. Chappell for the appellants on April 18, 2014. At the same time, Keith A. Brock withdrew as co-counsel for the appellants. Although the parties suggest that there were several communications between counsel regarding discovery in the subsequent months, it is difficult to determine from the record on appeal what actually happened between the time Ms. Lang entered her appearance and March 10, 2015. We can determine that the appellees served a second request for production of documents on June 14, 2014, and that the appellants filed a notice of compliance on August 22, 2014. In addition, it appears that on October 31, 2014, the appellants served additional written discovery on the appellees.

Evidently, counsel for the appellees sent a "golden rule" letter to counsel for the appellees on September 24, 2014. It also appears that the attorneys subsequently agreed to have the appellants provide e-mail confirmations to the appellees indicating that they either had produced the requested documents or could not locate any responsive documents after searching their records.

The record reflects that the district court held a telephone status conference on December 8, 2014. Regrettably, there is not a written order journalizing what occurred during this status conference nor is there a transcript of the proceedings. However, Senior Judge Sanders recalled in the subsequent orders of dismissal that he filed on November 25, 2015: "Specifically, on December 8, 2014, with the agreement of Plaintiffs' counsel, the Court ordered each of the Plaintiffs to provide Defendants' counsel with written confirmation that they had produced all documents in their possession responsive to Defendants' Second Request for Production of Documents . . . ."

5

Yet another status conference was held on February 20, 2015. Again, it is difficult for us to know what actually occurred on that date because there is no written order or transcript from the conference. However, in the orders of dismissal filed on November 25, 2015, Senior Judge Sanders recalled:

"Thereafter, during a status conference with the Court on February 20, 2015, after learning that several of the Plaintiffs had not yet complied with the Court's December 8, 2014 Order and that several of the Plaintiffs had not yet supplied Defendants with signed verification pages under oath to their Answers to Defendants' First Set of Interrogatories (which were served on October 14, 2011), the Court, with the agreement of Plaintiff's counsel, ordered that each of the Plaintiffs . . . provide Defendants' counsel with [confirmation that Plaintiffs had produced all documents and a signed verification page under oath to their interrogatory responses]."

Furthermore, Chief Judge Sanders recalled that he ordered—with the agreement of Mr. Eisenhauer—that if appellants failed to provide the ordered documents to counsel for appellees, then, "any Plaintiff that failed to do so would be subject to sanctions which may include dismissal from this litigation."

On March 10, 2015, the appellees filed a motion to dismiss pursuant to K.S.A. 2015 Supp. 60-237(b)(2)(A)(v) in case No. 2011 CV 58. Specifically, the motion alleged that Nemesis Partners, Inc., Darryl Silvera, Sandye Silvera, Dean Scott Brown, DS Capital, Inc., and JLand Properties, Inc. had failed to provide interrogatory verifications. In addition, the motion alleged that Dahl Brown, Darryl Silvera, Sandye Silvera, and Sheila Wright had not provided written confirmation regarding whether they had any documents responsive to the second request for production. The appellees also alleged that John Wright had given an insufficient confirmation.

On the same day, appellees filed a separate motion to dismiss pursuant to K.S.A. 2015 Supp. 60-237(b)(2)(A)(v) in case No. 2011 CV 59. Specifically, the motion alleged

6

that Brian Beattie had failed to provide interrogatory verifications. Furthermore, the motion alleged Pam Bruck, Marilyn Bruck, Brian Beattie, and Perry Radoff had not provided the requested written confirmations in response to the second request for production of documents. In addition, the motion alleged Robert Steinfeld, Glenn Bruck, and Terry Bruck provided insufficient written confirmations.

The appellants filed a response to the motion to dismiss on April 2, 2015. In their response, Mr. Eisenhauer insisted that he had attempted to comply with the directives of the court regarding discovery. Moreover, he asserted that he would not be calling any witnesses at the second trial who had not already testified in the first trial. Further, Mr. Eisenhauer pointed out that the appellees had the transcript from the first trial to review and knew the testimony that appellants would present as well as the exhibits appellants would present.

On May 8, 2015, the district court heard arguments on the motion to dismiss. At the conclusion of the hearing, Senior Judge Sanders dismissed—with prejudice—the claims asserted by Nemesis Partners, Inc., Darryl Silvera, Sandye Silvera, Dahl Brown, Dean Brown, John Wright, Sheila Wright, DS Capital, Inc., and JLand Properties, Inc., in case No. 2011 CV 58. In addition, he dismissed—with prejudice—the claims asserted by Glenn Bruck, Pamela Bruck, Terry Bruck, Marilyn Bruck as Executrix of the Estate of Melvin Bruck, Brian Beattie, Robert Steinfeld, and Perry Radoff in case No. 2011 CV 59.

Specifically, Senior Judge Sanders determined:

"I have considered this matter, I know that it is a drastic order but I gave an order twice. And the last time I gave the order that these things were to be done [was] . . . back in our February conference. And I know, Mr. Eisenhauer . . . had communicated to his clients exactly what he said, and what he told them had to be done . . . or they would be dismissed with prejudice from the case. And . . . the Court finds that is what I am going

7

to do . . . pursuant to . . . what I previously ordered and what has been requested here by the defendant in their motion to dismiss."

After a lengthy delay caused by counsel for the parties being unable to agree on the language of an order or journal entry, the district court filed an order of dismissal in each case on November 25, 2015. Subsequently, on January 7, 2016, the district court entered an order denying a motion to alter or amend judgment filed by the appellants. Finally, although there are several plaintiffs that remain in these cases, the district court entered an order on April 12, 2016, in which it found that its orders of dismissal were final judgments as to the appellants under K.S.A. 2015 Supp. 60-254(b).

ANALYSIS

On appeal, the appellants contend that the district court erred in dismissing their claims for failure to comply with its discovery orders. We review the question of whether sanctions should be imposed for discovery violations under an abuse of discretion standard. *Schoenholz v. Hinzman*, 295 Kan. 786, 798, 289 P.3d 1155 (2012). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, Syl. ¶ 16, 296 P.3d 1106 (2013).

As the parties recognize, K.S.A. 2015 Supp. 60-237(b)(2)(A) provides:

"*If a party* or a party's officer, director or managing agent, or a witness designated under subsection (b)(6) of K.S.A. 60-230 or subsection (a)(4) of K.S.A. 60-231, and amendments thereto, *fails to obey an order to provide or permit discovery,* including an order under subsection (a) or under K.S.A. 60-235, and amendments thereto, *the court where the action is pending may issue further just orders*. They may include the following:

8

(i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." (Emphasis added.)

As counsel for the appellants candidly admits in his brief:

"In a conference on February 20, the court, *with the agreement of* [*appellants'*] *counsel*, ordered that [appellants] produce the following by March 2, 2015: (1) signed verifications for the interrogatory answers submitted prior to the initial trial and (2) written confirmations that [appellants] produced all documents in their possession responsive to Defendants' Second Request for Production of Documents, or that [appellants] had no documents responsive to the production request."

Although there may have been some appellants who belatedly complied, it is undisputed that most—if not all—failed to comply with the district court's order by March 2, 2015. Moreover, the district court had previously ordered—at least orally—that the appellants must provide this discovery. Clearly, a district court has the authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). In other words, district courts have the authority to "control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business. . . ." *Frost v. Hardin*, 218 Kan. 260, 263, 543 P.2d 941 (1975). Thus, under the circumstances presented, we do not find that the district court abused its discretion in imposing sanctions in this case under K.S.A. 2015 Supp. 60-237(b)(2)(A).

9

The more difficult question is whether alternative sanctions sufficient to protect the appellees were available. As the Kansas Supreme Court has cautioned, district courts must carefully exercise discretion in imposing sanctions for discovery violations. As a general rule, "[t]he sanction should be designed to accomplish the objects of discovery rather than for the purpose of punishment." *Hawkins v. Dennis*, 258 Kan. 329, 341, 905 P.2d 678 (1995). Caution is particularly needed when a district court is considering imposition of the "ultimate sanction" of default judgment or dismissal. In fact, our Supreme Court has found that such a sanction should only be imposed "in the most extreme cases." *Wenger v. Wenger*, 239 Kan. 56, 60, 716 P.2d 550 (1986).

Accordingly, before ordering the extreme sanction of dismissal, district courts should review the factors set forth in *Canaan v. Bartee*, 272 Kan. 720. These factors are: (1) whether the information sought in discovery goes to a dispositive issue in the case; (2) whether there are alternative sanctions available to sufficiently protect the party seeking discovery; (3) whether the requested information is merely cumulative or corroborative; and (4) whether the party against whom sanctions were sought presented evidence of excusable neglect or good faith when provided the opportunity to explain the failure to comply. 272 Kan. at 726-27, citing *Hawkins*, 258 Kan. at 341.

In *Vickers v. City of Kansas City*, 216 Kan. 84, 531 P.2d 113 (1975), the Kansas Supreme Court's determined that a district court had abused its discretion in dismissing a case as a discovery sanction. In reaching this conclusion, our Supreme Court cited the United States Supreme Court's decision in *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958), which found that dismissal is not a proper sanction if a failure to comply with a discovery order was not due to willfulness or bad faith. *Vickers*, 216 Kan. at 92-93. Thus, the *Vickers* court found that a lesser sanction would have sufficed. 216 Kan. at 93-94.

In the present case, however, we cannot tell from the record whether the district court abused its discretion. It is clear that the district court recognized that dismissal was "a drastic order" but evidently concluded that it was an appropriate remedy because it had warned the appellants on one or more occasions that their claims would or could be dismissed with prejudice. Unfortunately, it does not appear that the district court took into consideration the factors set forth in *Canaan v. Bartee* either at the hearing held on May 8, 2015, or in the orders of dismissal entered on November 25, 2015. Likewise, there is no mention of *Canaan v. Bartee* or any of the factors in the Journal Entry of Judgment entered on April 4, 2016.

We understand the frustrations felt by the district court in this case. As we indicted above, Senior Judge Sanders inherited a procedural nightmare when he was assigned to this case. Just as Judge Godderz was frustrated with counsel for the appellees as reflected in the transcript of the initial portion of the trial as well as in his decision to recuse, Senior Judge Sanders was understandably frustrated by the unfilled promises made by counsel for the appellants. Although it appears that both parties share part of the blame for this case dragging on entirely too long, perhaps the district court will ultimately determine that the extreme or drastic sanction of dismissal of the appellants' claims with prejudice is necessary. However, we find that the district court should only make such a determination after due consideration of the factors set forth in *Canaan v. Bartee*.

We, therefore, affirm the district court's imposition of sanctions against the appellants, but we vacate the orders of dismissal—as well as the journal entry of judgment—and remand this matter to the district court for further proceedings.