NOT DESIGNATED FOR PUBLICATION

No. 116,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

CHRISTOPHER HUFFMAN,
*Appellee*,

and

DONNA HUFFMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jefferson District Court; JOHN E. SANDERS, judge. Opinion filed July 31, 2020. Affirmed.

*Donna L. Huffman*, appellant pro se.

*Stephen P. Weir*, of Stephen P. Weir, P.A., of Topeka, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM: The Jefferson County District Court denied Donna Huffman's motion to increase the child support her ex-husband Christopher Huffman had been ordered to pay for their daughter because the motion was filed in 2011 and Donna waited for more than five years to secure a hearing, shortly after the child reached the age of majority. Donna has appealed. In its written ruling, the district court relied on several equitable and procedural bases to deny the motion. A district court has the authority to reasonably manage its cases and docket and need not entertain motions or suits that have grown stale as a result of the proponent party's inaction. That sort of dismissal for a

1

failure to prosecute lies within the district court's judicial discretion. We find the district court properly invoked that authority here and did not abuse its broad discretion. We affirm the ruling.

FACTUAL AND PROCEDURAL BACKGROUND

The 2011 motion represents an extended chapter in the even longer saga of litigation arising from the Huffmans' divorce. The Huffmans' daughter, their only child, was born in April 1998. Christopher filed for divorce in 2001, and the district court entered a decree of divorce, along with final orders governing child support and custody the next year. Since then, there have been numerous motions to modify support and custody and satellite litigation, mostly initiated directly or indirectly by Donna. We do not endeavor to set out that history. Donna has, from time to time, retained lawyers to represent her and otherwise has represented herself. She obtained a license to practice law in Kansas in 2010 and remains a member in good standing of the bar. Donna has handled this appeal on her own.

Pertinent here, the district court entered a modified order in 2007 requiring Christopher to pay Donna child support. The amount was later adjusted downward, but Christopher continued to pay support. The record suggests a protracted dispute in 2007 over the amount of support and the production of documents related to that determination. In January 2011, Donna filed a motion to again modify the child support payments, identifying changed circumstances as the reason. The motion also sought to call into question the 2007 order. For reasons that aren't entirely clear from the record, the motion was neither heard nor decided in the regular course of the district court's business. The appellate record, incorporating the district court docket, reflects nothing related to the 2011 motion for years.

On June 30, 2016, Donna filed a request that the district court rule on her 2011 motion. The Huffmans' daughter had turned 18 years old about two months earlier. Christopher, through his lawyer, filed a response asking that the motion be denied as untimely. On September 26, 2016, the district court issued a six-page order denying the motion. Donna filed a timely notice of appeal. [*]

[*]After filing the notice of appeal, Donna lodged various objections to the record on appeal, including the accuracy of some transcripts. The resolution of those issues delayed the merits briefing from the parties and the assignment of this appeal to a panel for determination. In the district court in conjunction with her 2016 request for a hearing, Donna also filed a motion for change of venue from Jefferson County. In support of the motion, she argued filings in the official district court record had been deleted or otherwise tampered with. The district court denied the motion for a change of venue.

LEGAL ANALYSIS

District courts have the authority to deny motions and, indeed, to dismiss civil actions in their entirety when the party seeking relief fails to prosecute the matter in a diligent and timely fashion. *Frost v. Hardin*, 218 Kan. 260, 263, 543 P.2d 941 (1975). The authority has been recognized as both statutory under K.S.A. 2019 Supp. 60-241(b)(1) and inherent in the district court's procedural management of its civil cases. See *Coutts v. Crider*, 219 Kan. 692, 695, 549 P.2d 1019 (1976) (inherent authority); *In re Marriage of Tubbesing*, No. 115,232, 2017 WL 383412, at *3 (Kan. App. 2017) (unpublished opinion) (statutory authority). The *Frost* court described the sound purpose behind the authority to dismiss for lack of prosecution as conferring on district courts the necessary latitude to "control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business." 218 Kan. at 263. The district court must afford the parties fair notice that a motion may be denied or a case dismissed for inaction. Having done so, the district courts then acts in its sound discretion. And appellate review is for abuse of judicial discretion. 218 Kan. at 263.

A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Here, notice was not an issue, since Christopher filed a response asking the district court to deny Donna's 2011 motion specifically because of the lapse of time. Donna sought and received several continuances from the district court to reply to Christopher's response. After receiving a final extension and deadline, Donna did not submit a reply.

The district court understood both the general factual and procedural setting of the 2011 motion and the applicable legal principles, as outlined in its written ruling. The other aspect of an abuse of judicial discretion asks whether the district court's ruling falls so far from the mark that we can say no one else reasonably could have come to the same conclusion in comparable circumstances. We are confident the district court acted well within the confines of judicial discretion in denying Donna's 2011 motion to modify child support when she sought to have it decided in 2016.

First, motions to modify child support must be based on material changes in circumstance ostensibly warranting some increase or decrease in the amount of support. So Donna's motion would have been premised on ostensible changes between 2007 and 2011, although she wanted to reach back to adjust what had been decided in 2007, as well. But the circumstances in 2011 would not have been the circumstances in 2016—the situation was dynamic rather than static if for no other reason than the Huffmans' daughter had turned 18 years old, and neither parent had a legal obligation of support beyond that point. The comparative financial positions of Donna and Christopher may well have shifted significantly in that time, rendering consideration of the 2011 motion itself no longer focused on meaningful present circumstances. Moreover, of course,

4

Donna was seeking a *change* in child support, not an order directing Christopher to pay a delinquency in support that had already been ordered. In at least broadly similar circumstances, another panel of this court found no abuse of judicial discretion when the district court denied a motion to modify child support for a failure to prosecute when the request had lain fallow for nearly 18 months. *Tubbesing*, 2017 WL 383412, at *3. We see *Tubbesing* as a rough measure putting us in the right ballpark.

Because the district court properly relied on its authority to deny a motion for a failure to prosecute, we affirm the ruling and deny Donna's appeal for that reason. In turn, we have not considered the district court's additional reliance on the equitable doctrine of laches as an independent ground for its ruling.

We likewise do not venture into a distinctly academic thicket on whether the district court properly denied the motion with prejudice. A motion to modify child support is unlike a procedural motion that comes up in the course of litigating a typical civil action to a final judgment. If granted, the support motion results in a change to an immediately enforceable order affecting the parties' substantive rights. In that sense, the support order functions like a final judgment, and a motion to modify a support order may be more akin to a freestanding civil action than, say, a discovery motion or some other pretrial procedural filing. Courts typically dismiss cases without prejudice for a failure to prosecute, permitting plaintiffs to refile their actions. See *Green v. General Motors Corp.*, 56 Kan. App. 2d 732, 740-41, 437 P.3d 94 (2019), *petition for rev. filed* March 8, 2019.

Here, however, whether the district court more properly should have denied the motion without prejudice makes no difference. That's because a party to an order for child support cannot ask a district court to modify the order after the child reaches the age of majority, even when the agreement between the parties calls for continuing support. See *Morrison v. Morrison*, 14 Kan. App. 2d 56, 60-61, 781 P.2d 745 (1989); *In re*

*Marriage of Williamson,* No. 115,518, 2016 WL 7429527, at *4 (Kan. App. 2016) (unpublished opinion). The rule applies here and would impose a legal bar on Donna successfully pursuing the 2011 motion even if it should have been denied without prejudice. In short, Donna cannot now file (or refile) a viable motion to modify any of the child support orders.

Affirmed.